54 So.2d 199 (1951)
STATE ex rel. LARKINS
v.
LEWIS, Circuit Judge.
Supreme Court of Florida, Special Division B.
September 21, 1951.
Rehearing Denied September 25, 1951.
*200 Dewey M. Johnson, Quincy, and Wilson L. Bailey, Blountstown, for relator.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for respondent.
TERRELL, Acting Chief Justice.
Petitioner was indicted and placed on trial for murder in the first degree. The taking of testimony was completed and the case was submitted to the jury late June 27, 1951. About ten-thirty A.M. June 28th, no verdict having been reached but the jury still deliberating, the court was informed that certain parties were attempting to tamper with or communicate with the jury by the medium of manual signals or signs from outside the court house, but within plain view of the jury through an open window. The trial court went immediately to another window where he could see what was taking place. When he satisfied himself that it was in all probability something sinister, he called the jury, gave them appropriate instructions and ordered them taken in charge by the bailiff.
The court then had brought before him the persons charged with attempting to communicate with the jury including others who were witnesses to their conduct, and examined them thoroughly. The evidence developed that C.D. Musgrove and Dudolph Rackley were in an automobile of a third party outside the court house in full view of the jury through a window, that they were making signs and signals in the direction of the window into the jury room, that one of them would motion with hands in different positions in the direction of the jury room, that he would then place his hands in his rear pocket, stare into the jury room and make contortions with his face. He would then look from the back seat of the car with his hand and five fingers extended toward the jury. It is not shown how long this performance was carried on or whether an attempt was being made to influence the jury for an aquittal or a conviction. Other and similar performance was carried on but we do not detail it here.
Counsel for the state and defendant were present and fully advised as to investigation by the court. The court concluded that the circumstances were "highly suspicious" and counsel for the state and defendant agreed with him though neither agreed to or recommended that the court declare a mistrial and discharge the jury. The court found that circumstances revealed by this investigation made a manifest, urgent and absolute necessity for him to declare a mistrial. The jury was then returned to the court room and the court advised them that he deemed it necessary in the interest of justice to declare a mistrial which was done and the jury was discharged.
Petitioner now moves for a rule nisi in prohibition directed to respondent, the trial *201 judge, commanding him to show cause why he should be tried again for murder in the first degree. There was a return to the petition praying that it be denied. The sole issue raised by the petition and the return was prior jeopardy.
The question of what constitutes prior jeopardy was considered by this court in Allen v. State, 52 Fla. 1, 41 So. 593; State ex rel. Dato v. Himes, 134 Fla. 675, 184 So. 244, and State ex rel. Alcala v. Grayson, 156 Fla. 435, 23 So.2d 484. These cases do not furnish a pattern to rule the case at bar, but they approve the well settled rule that jeopardy attaches when the court is legally constituted, has jurisdiction of the cause and the accused, when the charge is legally sufficient on which to predicate a verdict and judgment and when the jury is sworn, unless there arises a manifest, urgent or absolute necessity in the interest of justice that a mistrial be declared and the jury discharged.
If the jury is discharged for reasons that are legally insufficient and devoid of absolute necessity and without defendant's consent, the discharge is equivalent to an aquittal and may be pleaded in bar to further trial or subsequent indictment. The trial court must necessarily determine whether or not these elements inhere in or infect the trial before he is authorized to declare a mistrial and discharge the jury. The circumstances in each case must guide him in reaching his determination.
When the charge of tampering with the jury was brought to his attention the trial judge proceeded with caution and diligence to investigate the charge. Counsel for the state and defendant were apprised of and were present at the investigation. Whether or not the jury or any of them had been influenced by what took place outside the court room, no one could tell, but it is certain that they had been subjected to outside influence. The court so determined and counsel for the state and defendant agreed that the jury had been subjected to very suspicious circumstances. The situation created was such that regardless of what verdict was returned the one against whom it was rendered would have had cause to complain. The element that gives strength and confidence to jury trial is the feeling of fair treatment on the part of both sides. In view of all the circumstances and in view of the sanctity and safeguards we throw around fair trial, we think the trial court acted wisely.
His judgment is therefore affirmed and the petition for prohibition is denied.
CHAPMAN, ADAMS and ROBERTS, JJ., concur.