74 So.2d 656 (1954)
Oris McLENDON and William Bradshaw, Appellants,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Division A.
September 24, 1954.
Rehearing Denied October 8, 1954.
James D. Welch, Ft. Lauderdale, for appellants.
Richard W. Ervin, Atty. Gen., Mark R. Hawes, Asst. Atty. Gen., and Moie J.L. Tendrich, Sp. Asst. Atty. Gen., for appellee.
MATHEWS, Justice.
The sole question presented in this case is that of former jeopardy. It appears that the appellant was charged in separate informations concerning armed and unarmed robbery. He made a demand upon the County Solicitor for a list of the witnesses to be used in each case against him. When the first case was called for trial, the jury had been sworn and the State called its first witness by the name of Joseph H. Ehrlich. Before he could testify, counsel for the defendant stated that the list of witnesses furnished by the State did not contain that *657 of Mr. Ehrlich. The Court advised counsel that he had the wrong case. The County Solicitor then said, "If they want a mistrial, it is alright with me." The attorney for the defendant then said, "As an alternative to a mistrial we ask for twenty-four hours or something." Co-counsel for the defendant then said, "We ask for a directed verdict in favor of the defendants." The following proceedings then took place:
"Court: I am not going to grant that motion. If you refuse to go to trial on account of surprise, I will declare a mistrial.
"Mr. Farrington: Let the record clearly show that they objected to proceed with the trial because of an erroneous list of witnesses being furnished them, which list of witnesses was for another case pending in the same Court, against the same defendants; through an error in numbers an erroneous list was furnished the defendants, counsel for the defense stated he was surprised and was not prepared to defend the case against the defendants with the list of witnesses furnished him, that is Cases Nos. 9222 and 9223.
"They moved for a mistrial and the Court declared a mistrial.
"The jury was then excused."
When the case was later called for trial, motions, oral and verbal, to quash on the ground of former jeopardy were interposed. These motions were denied by the Court. In disposing of these motions, the following proceedings were had:
"Mr. Farrington: I would like the Court to state its reasons for granting the Motion for a Mistrial on October 20, 1953.
"Court: The Court states that the Motions for a Mistrial was granted upon motion of the Defendant, the Court having refused a Motion for a Directed Verdict, the Defendants making the alternative Motion for a Mistrial."
From the record in this case it appears that the trial Judge found that the motion for mistrial was granted upon the motion of the defendant. In addition to that the record further discloses that the circumstances were sufficient to justify the action of the trial Judge in granting a mistrial, because of the absolute necessity in the interest of justice.
The doctrine laid down in the case of State ex rel. Larkins v. Lewis, Fla., 54 So.2d 199, clearly indicates that the defense of former jeopardy is not available to a defendant where a mistrial is granted with his consent, approval or upon his motion or is granted where the circumstances show a manifest, urgent or absolute necessity in the interest of justice.
Affirmed.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.