PER CURIAM.
The state seeks review of the order dismissing an information which was entered on the basis that a retrial of the defendant (appellee) would violate double jeopardy. We reverse.
Defendant was brought to trial on February 14, 1978, for aggravated assaults upon Cynthia Thomas, David Mack, and Anthony Rivers and for the use of a firearm while committing or attempting to commit a felony. During presentation of its case, the state elicited numerous responses concerning collateral offenses which were possibly violative of the rule enunciated in Williams v. State, 110 So.2d 654 (Fla.1959). The court sustained several of the defendant’s objections to these inquiries. During cross-examination of a defense witness, the state *353 again attempted to elicit testimony concerning collateral offenses. In questioning this witness, the state also utilized perhaps inappropriate language. After the court sustained the defendant’s objection to this testimony, the defendant moved for a mistrial since the jury had already been exposed to irrelevant prejudicial testimony. The court granted the motion on that basis and for the possible misconduct on the part of the prosecutor.
The defendant subsequently moved to dismiss the information, claiming that a second prosecution would violate her constitutional right not to be placed twice in jeopardy guaranteed by Amendments V and XIV, United States Constitution, and Article I, Section 9, Florida Constitution. The trial court granted the motion to dismiss finding that the defendant was deprived her right to a fair trial through prosecutorial misconduct.
Florida courts have indicated that the defense of double jeopardy is not available to a defendant where a mistrial has been granted with his consent, approval or upon his motion. E. g. State ex rel. Larkins v. Lewis, 54 So.2d 199 (Fla.1951); McLendon v. State, 74 So.2d 656 (Fla.1954); Reyes v. Kelly, 204 So.2d 534 (Fla. 2 DCA 1967). However, the United States Supreme Court has recognized that where a defendant’s mistrial motion has been necessitated by judicial or prosecutorial overreaching, rather than judicial or prosecutorial error, the double jeopardy protections may bar repros-ecution. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (plurality opinion); United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); United States v. Scott, 437 U.S. -, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). Accord e. g., United States v. Crouch, 566 F.2d 1311 (5th Cir. 1978); United States v. Kennedy, 548 F.2d 608 (5th Cir. 1977); United States v. Wilson, 534 F.2d 76 (6th Cir. 1976); United States v. Kessler, 530 F.2d 1246 (5th Cir. 1976); United States v. Beasley, 479 F.2d 1124 (5th Cir. 1973), cert. denied 414 U.S. 924, 94 S.Ct. 252, 38 L.Ed.2d 158, reh. denied, 414 U.S. 1052, 94 S.Ct. 557, 38 L.Ed.2d 340 (1973); United States v. Broderick, 425 F.Supp. 93 (S.D.Fla.1977). As noted in United States v. Dinitz, supra, 424 U.S. at 611, 96 S.Ct. at 1081:
“The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where ‘bad-faith conduct by judge or prosecutor,’ United States v. Jorn, supra, 400 U.S. at 485, 91 S.Ct. 547, 27 L.Ed.2d 543, threatens the ‘[hjarassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict’ the defendant. Downum v. United States, 372 U.S. at 736, 83 S.Ct. 1033, 10 L.Ed.2d 100. See Gori v. United States, 367 U.S. at 369, 81 S.Ct. 1523, 6 L.Ed.2d 901; United States v. Jorn, supra, at 489, 91 S.Ct. 547, 27 L.Ed.2d 543 (Stewart, J., dissenting); c. f. Wade v. Hunter, 336 U.S. at 692, 69 S.Ct. 834, 93 L.Ed. 974.”
The law is clear that if a mistrial is ordered on a defendant’s motion upon facts revealing overreaching by the judge or prosecutor, reprosecution is barred by the double jeopardy clause. Our inquiry herein must be, therefore, to determine whether the prosecutor’s conduct was such as to constitute “prosecutorial overreaching.” “Prosecutorial overreaching” has been defined as “ ‘gross negligence or intentional misconduct,’ [which causes] aggravated circumstances to develop which ‘seriously prejudice a defendant causing him to reasonably conclude that a continuation of the tainted proceedings would result in a conviction’ [cites omitted].” United States v. Kessler, supra, at 1256.[1]
*354 An examination of the totality of the circumstances prior to the declaration of the mistrial in the case below does not reveal “gross negligence” or “intentional misconduct” on the part of the prosecutor. Although it appears that the prosecutor’s continuous inquiries into collateral offenses may have been the product of poor judgment, we do not believe this conduct constituted such prosecutorial overreaching so as to bar reprosecution. This conduct did not constitute intentional misconduct or gross negligence particularly since the prosecutor had not been specifically advised to avoid inquiry into these matters and since the admissibility of these matters was perhaps debatable. The inappropriate use of the word “damned” by the prosecutor does not constitute intentional misconduct since it appears to have been inadvertent.
Accordingly, the order dismissing the information is reversed and the cause is remanded for such further proceedings as are appropriate.
McCORD, C. J., and MILLS and ERVIN, JJ., concur.

. It is not clear from United States v. Dinitz, supra, whether gross negligence by the judge or prosecutor constitutes “overreaching.” The United States Court of Appeals for the Fifth Circuit has repeatedly held that “overreaching” consisting of gross negligence as well as intentional misconduct bars retrial after a defendant’s mistrial motion is granted. United States *354 v. Crouch, supra; United States v. Kessler, supra; United States v. Beasley, supra. We will assume for the purposes of this case that overreaching includes gross negligence, although we need not expressly adopt this view.