374 So.2d 1060 (1979)
The STATE of Florida, Appellant,
v.
Eduardo IGLESIAS and Raunel Ramos, Appellees.
No. 78-1708.
District Court of Appeal of Florida, Third District.
August 14, 1979.
Rehearing Denied September 17, 1979.
*1061 Janet Reno, State's Atty. and Arthur Joel Berger, Asst. State's Atty., for appellant.
Goodhart & Rosner and Harry M. Solomon, Miami, Henry Gonzalez, Tampa, for appellees.
Before HENDRY, HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is an appeal from an order of the trial court dismissing an information based on double jeopardy grounds. We have jurisdiction to entertain the subject appeal. § 924.07(1), Fla. Stat. 1977.
The central issue presented for review is whether a criminal prosecution is barred by double jeopardy where the defendant has previously been placed in jeopardy at a prior trial for the same crime and a mistrial has been declared with his consent at such trial prior to jury verdict. We hold that as a general rule such a criminal prosecution is not barred by double jeopardy as the prior mistrial was declared with the defendant's consent. The only exception to this rule, where the defense of double jeopardy would lie, is upon a showing that the prior mistrial was based on bad faith prosecutorial or trial court misconduct intentionally designed to provoke such a mistrial. As the prior mistrial declared in the instant case was granted with the consent of the defendants with no showing made that it was based on bad faith prosecutorial or trial court misconduct intentionally designed to provoke such mistrial, we must reverse the order under review.

I
The facts of this case are substantially undisputed. The defendants Eduardo Iglesias and Raunel Ramos [along with other co-defendants who are not parties to this appeal] were charged by information with the crimes of kidnapping, robbery and unlawful possession of a firearm while engaged in a criminal offense, before the Circuit Court for the Eleventh Judicial Circuit of Florida. Upon the defendants' plea of not guilty, the case was brought to trial and *1062 a jury sworn to try the cause. During the course of the trial, the defendant made numerous motions for mistrial based on (1) an invocation of the Fifth Amendment self-incrimination privilege by a chief state witness upon cross-examination by the defendants as to the witness' prior criminal activity, (2) an in-court identification of the defendant Ramos by a state witness which came as a complete surprise to the defense despite pre-trial discovery which indicated that she was not an eye witness in the case, and (3) testimony by a state witness that certain equipment used in apprehending the defendants had been borrowed from the Organized Crime Bureau of the Dade County Public Safety Department. At first, the trial court denied these motions, save for one, but at end of the trial, the court reversed itself and granted such motions. The court thereafter entered a written order declaring a mistrial in which it specifically granted the defendants' motion for mistrial based on the same grounds upon which the defendants had previously moved for a mistrial.[1]
The defendants then filed a motion to dismiss based on double jeopardy grounds. The trial court granted this motion and thereafter entered a written order concluding that (a) the mistrial was necessitated by prosecutorial misconduct, and (b) the defense of double jeopardy barred the state from retrying the defendants for the same crimes. The court made no finding that this prosecutorial misconduct was done in bad faith or that it was intentionally designed by the prosecutor to provoke a mistrial. Indeed, our review of the record reveals that the prosecutorial misconduct, if any, was at worst negligent. This appeal follows.

II
It is the established law of this state that a criminal defendant is placed in jeopardy when he is put to trial on an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction and a jury has been sworn and charged with his deliverance. When this point in the trial has been reached, the trial court should exercise the power to discharge the jury prior to a jury verdict only in cases of manifestly urgent and absolute necessity. Absent such urgent and absolute necessity, such a discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense under the defense of double jeopardy. State ex rel. Williams v. Grayson, 90 So.2d 710, 713 (Fla. 1956).
One of the well-established urgent and necessary reasons which justify the discharge of a jury after jeopardy has attached, but prior to a jury verdict, is where the defendant consents to a mistrial. Under such circumstances, the defense of double jeopardy is generally ineffective to bar the defendant's retrial. State ex rel. Williams v. Grayson, 90 So.2d 710, 713 (Fla. 1956); McLendon v. State, 74 So.2d 656 (Fla. 1954). One narrow exception, however, has recently been recognized to this rule. Where a mistrial consented to by the defendant is based on bad faith prosecutorial or trial court misconduct intentionally designed to provoke a mistrial, the state is barred by double jeopardy from ever retrying the defendant for the same crime. This exception rests on fundamental fairness as no prosecuting attorney, or, indeed, no trial judge, should ever be allowed to provoke a mistrial intentionally and in bad faith in an effort to force the defendant to move for a mistrial and thereafter subject such a defendant to another trial before another jury. As a penalty for such intolerable conduct, the law says that double jeopardy will bar a retrial of the defendant for the same crime. United States v. Dinitz, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).
*1063 The defendants urge that this narrow exception should be expanded to include prosecutorial misconduct amounting to gross negligence although not calculated by the prosecutor to provoke a mistrial. Relying on United States v. Kessler, 530 F.2d 1246 (5th Cir.1976), and United States v. Beasley, 479 F.2d 1124 (5th Cir.1973), the defendants argue that double jeopardy should also bar a retrial of the defendant when the prosecuting attorney engages in misconduct amounting to gross negligence which in turn prompts a defendant to ask for a mistrial. We cannot agree. No Florida case has ever accepted this expanded exception, although the First District Court of Appeal in State v. Kirk, 362 So.2d 352 (Fla. 1st DCA 1978), adverted to it without expressing adopting same. We decline to incorporate such an expanded exception into the law of this state.
The policy reasons which support the law barring a retrial of the defendant if the prosecutor intentionally provokes a mistrial do not apply when the prosecutor only negligently does so. The prosecutor's negligent conduct may be inexcusable, but at least it is a mistake made in good faith with no malicious intent to abort the trial and subject the defendant to another trial before another jury. Such cannot be said of prosecutorial misconduct deliberately designed to provoke a mistrial. Moreover, we believe the adoption of the urged expanded exception would ultimately prove unfair to criminal defendants for it is doubtful whether trial or appellate courts would be quite as zealous as they presently are in protecting defendants' rights during trial if they knew that the granting of a mistrial based on the negligent conduct of a prosecutor might put the defendant beyond the reach of further prosecution. See United States v. Tateo, 377 U.S. 463, 466, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964). We are supported in our rejection of this expanded exception by the court of at least one other state. Bell v. State, 41 Md. App. 89, 395 A.2d 1200 (1979).

III
In the instant case, it is clear beyond any hope of successful contradiction that in the prior trial of the defendants a mistrial was declared by the trial court at the request of and with the consent of the defendants. To the extent that this mistrial was necessitated by prosecutorial misconduct, a conclusion about which we have grave doubts, it is clear that such conduct was not intentionally designed by the prosecuting attorney to provoke the mistrial requested by the defendants. Under the applicable law, it follows that the defense of double jeopardy was ineffective to bar the defendants' retrial in this cause.
The order under review is reversed and the cause is remanded to the trial court with directions to reinstate the information previously filed against the defendants.
Reversed and remanded.
NOTES
[1] In the order under review, the trial court states that it sua sponte declared the mistrial in question. Our review of the record, however, clearly reveals that the court, as indicated in its written order declaring a mistrial, granted the defendants' motions for mistrial with the defendants' consent. Indeed, the defendants on this appeal make no serious contention to the contrary.