413 So.2d 1292 (1982)
Milton BELL, Appellant,
v.
STATE of Florida, Appellee.
Stephen James GRANT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-266, 81-596.
District Court of Appeal of Florida, Fifth District.
May 19, 1982.
*1293 James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, Evelyn D. Golden and C. Michael Barnette, Asst. Attys. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellants were tried as co-defendants on charges of second degree grand theft. On their motion, the trial court declared a mistrial because of alleged prosecutorial comment on appellants' right to remain silent.[1] When the case was re-set for trial, each appellant moved to dismiss on the ground *1294 of former jeopardy, and such motions were denied. The subsequent trial resulted in the conviction of both defendants, from which separate appeals followed. We consolidate them because they involve the identical issue, and each is affirmed.
Double jeopardy generally is not a defense to a subsequent prosecution when a mistrial had been granted in the original trial upon the defendant's motion or with his consent or where the circumstances clearly required the mistrial in the interest of justice. McLendon v. State, 74 So.2d 656 (Fla. 1954); State v. Iglesias, 374 So.2d 1060 (Fla.3d DCA 1979). However, double jeopardy will bar a second prosecution when the mistrial resulted from judicial or prosecutorial overreaching. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1975); United States v. Crouch, 566 F.2d 1311 (5th Cir.1978); State v. Kirk, 362 So.2d 352 (Fla. 1st DCA 1978).
Mere error by the judge or prosecutor resulting in the defendant's request for mistrial is not sufficient to bar reprosecution. Dinitz. The double jeopardy clause protects a defendant against governmental actions intended to provoke a mistrial. It bars retrials where bad faith conduct by the judge or prosecutor goads the defendant to request a mistrial. As expressed in Dinitz:
The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where "bad faith conduct by judge or prosecutor," United States v. Jorn, supra, 400 U.S. 470 at 485, 91 S.Ct. at [547] 557, [27 L.Ed.2d 543 at 556], threatens the "[h]arrassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict" the defendant. Downum v. United States, 372 U.S. 734 at 736, 83 S.Ct. [1033] at 1034, 10 L.Ed.2d [100] at 102. See Gori v. United States, 367 U.S. 364 at 369, 81 S.Ct. [1523] at 1526, 6 L.Ed.2d [901 at] 905; United States v. Jorn, supra, 400 U.S. 470 at 489, 91 S.Ct. [547] at 559, 27 L.Ed.2d [543] at 558 (Stewart, J., dissenting); cf. Wade v. Hunter, 336 U.S. 684 at 692, 69 S.Ct. [834] at 838, 93 L.Ed. at 979.
96 S.Ct. at 1081.
In State v. Iglesias, 374 So.2d 1060 (Fla.3d DCA 1979), the court was asked to expand the Dinitz rule to include prosecutorial misconduct amounting to gross negligence, although not calculated by the prosecutor to provoke a mistrial. The court declined that invitation, saying:
Relying on United States v. Kessler, 530 F.2d 1246 (5th Cir.1976), and United States v. Beasley, 479 F.2d 1124 (5th Cir.1973), the defendants argue that double jeopardy should also bar a retrial of the defendant when the prosecuting attorney engages in misconduct amounting to gross negligence which in turn prompts a defendant to ask for a mistrial. We cannot agree. No Florida case has ever accepted this expanded exception, although the First District Court of Appeal in State v. Kirk, 362 So.2d 352 (Fla. 1st DCA 1978), adverted to it without expressing [sic] adopting same. We decline to incorporate such an expanded exception into the law of this state.
Id. at 1063.
We, too, decline to engraft this expansion of the rule into the law of this state. Even if the conduct of the prosecutor was improper (a point we expressly do not decide), the trial judge did not find that it was action calculated in bad faith to provoke a mistrial.[2] There was no error in denying the motion to dismiss.
*1295 Appellants have filed supplementary briefs claiming insufficiency of the informations to allege the intent of defendants to permanently deprive the victim of his property, relying on Baxley v. State, 411 So.2d 194 (Fla. 5th DCA, 1981). The informations here charged that defendants took the property "with the intent to deprive said owner or custodian of a right to the property ... and to appropriate the property to their own use." The omission of the word "permanently" as a modifier of "deprive" may be an imperfect allegation of an element of the crime, but it is not a completely omitted one. There was no motion to dismiss directed to the sufficiency of the information, and the omission is not fundamental error. Thus, the omission of the word "permanently" may not be raised for the first time on appeal. See Brewer v. State, Fla.App., 413 So.2d 1217 (Fla. 5th DCA, 1982), Kane v. State, 392 So.2d 1012 (Fla. 5th DCA 1981).
The judgments of conviction are
AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] Appellants' counsel in closing argument had called the jury's attention to persons who allegedly had witnessed the offense, but who had not been called by the prosecutor, asking the jury to consider that they might not have the whole story because of the missing witnesses. In response, the prosecutor told the jury that if there were any witnesses who could testify to any facts helpful to the defense, they would have been called by the defense. The prosecutor's comment appears to have been invited by the remarks of defense counsel, but there is no need for us to decide the correctness of the order granting the mistrial, since that issue is not involved in this appeal.
[2] The Supreme Court and this court have permitted comment by prosecutors on the unrebutted nature of the testimony as not being a comment on defendant's right to remain silent. See, e.g., White v. State, 377 So.2d 1149 (Fla. 1979); State v. Jones, 204 So.2d 515 (Fla. 1967); Elam v. State, 389 So.2d 221 (Fla. 5th DCA 1980); Smith v. State, 378 So.2d 313 (Fla. 5th DCA), aff'd, 394 So.2d 407 (Fla. 1980).