LETTS, Chief Judge.
The defendant’s trial resulted in a mistrial because of a comment by the state attorney in closing argument. The State filed an amended information, and the defendant responded with a motion to dismiss based on double jeopardy, which the trial court granted. We reverse.
Referring to the defense counsel’s comment that the State did not call certain witnesses, the state attorney responded, “Ladies and Gentlemen, I submit to you that both the State and Mr. McGee have the same subpoena powers.”
The defendant argued that this was a comment on his right not to put on any evidence, and that the remark made the jury think that he had an affirmative duty to do so. The state attorney responded that the defense had opened the door, and that *796 she had a case holding that her remarks were fair comment.
At the hearing on the motion to dismiss on double jeopardy grounds, the same state attorney declared that her comment was not something that was negligently made by her nor was it made in bad faith, but rather made because in her professional opinion she had a right to say it. Nevertheless, the court granted the motion “on the grounds that the prosecutorial comment was intentionally made, not negligent, but intentional, because the prosecutor thought she had a right to comment on that.”
Generally, a criminal prosecution is not barred by double jeopardy when the prior mistrial was declared with the defendant’s consent, except where there is a showing that the prior mistrial was based on bad faith prosecutorial, or trial court, conduct intentionally designed to provoke such a mistrial. State v. Iglesias, 374 So.2d 1060 (Fla. 3d DCA 1979). Mere error by the judge or prosecutor resulting in the defendant’s request for mistrial is not sufficient to bar reprosecution. Bell v. State, 413 So.2d 1292 (Fla. 5th DCA 1982). While bad faith conduct by the judge or prosecutor will bar a retrial, gross negligence, not calculated by the prosecutor to provoke a mistrial, will not. Bell v. State, supra.
Here, the prosecutor testified that she had researched the comment and concluded that it was permissible.[1] The trial court disagreed because the prosecutor intentionally rather than negligently made the remark, believing she had the right to do so. However, the kind of statement by a prosecutor which invokes double jeopardy is not the mere utterance of an intentional or purposely made statement, but additionally it must be made in bad faith and intentionally designed to provoke a mistrial. There is no evidence whatever of that here and indeed the judge’s order indicates otherwise. To affirm would be to support an anomalous situation where a negligent, thoughtless remark would not invoke double jeopardy, but a legally well-thought out, good faith remark would.
REVERSED AND REMANDED.
DOWNEY, J., and GOLDMAN, MURRAY, Associate Judge, concur.

. Such a remark has in fact been held permissible in Brown v. State, 420 So.2d 916 (Fla. 1st DCA 1982).