FRANK, Judge.
The state has appealed the trial court’s dismissal of an information on the ground that the appellee, Bobby Lewis Dixon, had been twice placed in jeopardy. Based upon our consideration of the record and the reasoning set forth below, we reverse.
Dixon and two codefendants were charged in a four-count information with trafficking in cocaine, possession of diazep-am, sale of diazepam and conspiracy to traffic in more than 20 grams of metha-qualone. Dixon pleaded not guilty to each count. An amended information was thereafter filed to correct a technical defect arising solely from the state’s failure to include a numerical reference to the statute alleged in count four to have been violated. The information’s amendment had occurred approximately four months earlier in the proceeding involving one of the codefend-ants. Thus, on the day of trial, the lower court referred to the amended information during the voir dire examination of the prospective jurors. After the jury had been sworn and the trial had proceeded for some four and one-half hours, Dixon’s attorney announced that he had just learned of the amendment in count four. He asserted that he had not received the altered information and that Dixon had not again been arraigned. Based upon those circumstances, it was claimed the trial court was without jurisdiction to proceed with the trial. Dixon’s motion for a mistrial was granted. On that same day, the lower court dismissed count one of the amended information. Subsequently, after the trial was rescheduled, Dixon entered guilty pleas to counts two, three and four and he was sentenced to five years in prison. The state appealed from the order dismissing count one and this court reversed. Dixon v. State, 450 So.2d 1280 (Fla. 2d DCA 1984). Following our remand, the state resumed the prosecution of count one but the lower court dismissed that count on the ground Dixon was being twice placed in jeopardy.
The genesis of Dixon’s prior jeopardy contention began with his attorney’s first knowledge of the amendatory addition to the information and the absence of a rearraignment. Those defects were deemed significant by the lower court and gained Dixon a mistrial. Gauging this matter in the context of the colloquy which occurred immediately prior to the trial court’s granting Dixon’s motion to dismiss count one on the jeopardy ground, it is evident the trial court severely faulted the state concluding that it had “caused the problem which necessitated a mistrial.” We disagree. The rule, the validity of which does not require reference to authority, is that reprosecution is not barred upon a claim of double jeopardy where the defendant seeks or consents to a mistrial. A well-circumscribed exception to that principle comes into play only in the rare circumstance of a mistrial induced by prosecutorial bad faith or judicial conduct designed to produce the mistrial. State v. Howe, 432 So.2d 795 (Fla. 4th DCA 1983); Bell v. State, 413 So.2d 1292 (Fla. 5th DCA 1982). A defendant who has achieved a mistrial based upon the prosecutor’s conduct, however, cannot be the beneficiary of prior jeopardy merely because of error, or, indeed, even gross negligence on the part of the state. Bell. The double jeopardy shield is intended to protect “a defendant against governmental action intended to provoke a mistrial. It bars retrial where bad faith conduct by the judge or prosecutor goads the defendant to request a mistrial.” Id. at 1294. Our view of the record does not justify the result reached by the trial court. The prosecutor’s failure at the outset of the trial to draw attention to a purely technical amendment undertaken simply to include the number of the statute Dixon was charged with violating can be reasonably explained by the fact that the multidefendant information was amended in an earlier but separate proceeding pertaining to a codefendant. Although the *475 prosecutor may have erred in not alerting the trial court and Dixon’s attorney to the amendment in advance of the trial date, nothing we are able to discern from the record reveals an invidious purpose on his part to extinguish Dixon’s insulation from double jeopardy. See Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). This is not an instance where the prosecutor was seeking to induce a defendant to move for a mistrial in order to forestall an acquittal. In sum, Dixon’s contention does not fall within the narrow exception to the rule that granting a defendant’s motion for mistrial is not a bar to retrial. Dixon’s motion for a mistrial was “a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact.” United States v. Scott, 437 U.S. 82, 93, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978).
We reverse and remand for further proceedings consistent with this opinion.
RYDER, C.J., and DANAHY, J., concur.