517 So.2d 27 (1987)
The STATE of Florida, Appellant,
v.
William Frank HUTCHENS, Appellee.
No. 86-3054.
District Court of Appeal of Florida, Third District.
November 3, 1987.
Rehearing Denied January 22, 1988.
*28 Robert A. Butterworth, Atty. Gen., and Debora J. Turner, Asst. Atty. Gen., for appellant.
Joel Kaplan, Miami, for appellee.
Before HENDRY, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the state from an order dismissing on the ground of double jeopardy an information charging the defendant with trafficking in cocaine and unlawful possession of cannabis. The defendant was tried on these charges and found guilty in January, 1984.
During the defendant's trial, the question arose as to how a tape recording of a conversation between an undercover police officer, the defendant and others, which was partly in English and partly in Spanish, would be used. After a lengthy discussion of the matter by the court and counsel for the parties, the tape was allowed to be played to the jury upon the promise of the state that it would play only the portions of the tape that were in English. The state violated this condition by also playing the Spanish portions of the tape. Defense objections and motions for mistrial were denied.
In an appeal to this court the defendant's conviction was reversed and the cause remanded for a new trial. Hutchens v. State, 469 So.2d 924 (Fla. 3d DCA 1985). The court held in Hutchens, 469 So.2d at 925, that it was prejudicial error to allow a jury, made up of two persons who understood Spanish and four who did not, to listen to about forty minutes of a tape recording in Spanish which purported to recount conversations between an undercover drug agent and others, sometimes the defendant, without having the recording translated into English for the jurors by an interpreter sworn to give a faithful and accurate translation, where the defendant's request for such a translation had been overruled. The court found that reversible error had been shown, even if a translation of the recording should reveal that the conversations on the tape were totally admissible. However, the question whether the state's conduct rose to the level of gross negligence or willful misconduct which would bar a retrial of the defendant was not an issue in that appeal.
Upon remand for a new trial, as ordered by this court, counsel for the defendant moved the trial court for an order dismissing the cause on the ground of double jeopardy, which was granted. This appeal followed.
It is the state's contention in the instant appeal that the trial court committed reversible error in ordering dismissal of the charges on the ground of double jeopardy. We agree, and reverse.
In State v. Iglesias, 374 So.2d 1060, 1062 (Fla. 3d DCA 1979), this court delineated the following "narrow exception" to the rule that "where the defendant consents to a mistrial[,] ... the defense of double jeopardy is generally ineffective to bar the defendant's retrial[:]"
Where a mistrial consented to by the defendant is based on bad faith prosecutorial or trial court misconduct intentionally designed to provoke a mistrial, the state is barred by double jeopardy from ever retrying the defendant for the same crime.
The court refused to expand the exception to cover prosecutorial misconduct which amounts to gross negligence but was not calculated to provoke a mistrial. Id. at *29 1063. See State v. Howe, 432 So.2d 795, 796 (Fla. 4th DCA 1983); Bell v. State, 413 So.2d 1292 (Fla. 5th DCA 1982).
It is the defendant's contention on appeal, as it was in his motion for dismissal, that the state's actions in connection with the introduction of the tape in his 1984 trial amounted to gross negligence or willful prosecutorial misconduct. Such prosecutorial overreaching, the defendant contends, brings this case within the recognized exception, as set forth above, to the general rule that the double jeopardy clause does not bar a retrial after a mistrial obtained at the defendant's request, United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); United States v. Kessler, 530 F.2d 1246 (5th Cir.1976); State v. Iglesias, 374 So.2d at 1062-63; State v. Kirk, 362 So.2d 352 (Fla. 1st DCA 1978), or where a conviction is reversed on appeal. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).
The record clearly shows that the state's actions in playing the entire tape to the jury during Hutchens' 1984 trial did not amount to such bad faith conduct or gross negligence as would bar a retrial of the defendant on double jeopardy grounds. While the prosecutor's failure to be better prepared for the presentation of the tape recording at trial may have been negligent, there are no facts to show that the state's actions were taken in order to provoke a mistrial.
The facts and controlling principles of law do not support the granting of a dismissal of this cause on the ground of double jeopardy. Therefore, the order appealed is reversed and the cause is remanded for further proceedings.
Reversed and remanded.