THREADGILL, Judge.
This is an appeal by the state from an order finding that double jeopardy barred the appellee from being retried. We reverse.
Prior to the trial of appellee on drug charges, the court excluded from evidence any reference by law enforcement officials to the fact that appellee was driving a stolen car at the time of his arrest. However, when questioned by the prosecutor concerning appellee’s version of his arrest, a detective stated that appellee told him he had borrowed a stolen car. Defense counsel objected and moved for a mistrial, which was granted. Defense counsel then moved to dismiss the charges on the ground that jeopardy had attached. The court granted the motion and discharged the appellee.
On appeal, the state argues that retrial is not precluded by double jeopardy because the prosecutor’s conduct was not intentionally designed to provoke the appellee’s motion for mistrial. We agree.
The double jeopardy prohibition against a criminal defendant being repeatedly tried for the same offense includes a defendant’s right to have his trial completed by the first jury impaneled. Where the court declares a mistrial sua sponte or at the request of the prosecution, mistrial must be the result of “manifest necessity,” for the defendant to be subject to retrial. State v. Collins, 436 So.2d 147 (Fla. 2d DCA 1983). However, where the mistrial is at the defendant’s request, the United States Supreme Court has held that the manifest necessity standard is inapplicable and double jeopardy generally does not bar retrial. Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). In Oregon v. Kennedy, however, the Court recognized an exception to the rule that double jeopardy is no bar to retrial where the defendant moves for a mistrial. If the prosecutor’s actions giving rise to the motion are done intentionally to provoke the defendant into requesting a mistrial, the defendant may later invoke the bar of double jeopardy. 456 U.S. at 676, 102 S.Ct. at 2089.
In Oregon v. Kennedy, the defendant was on trial for theft. The state prosecutor elicited from a witness that he had never done business with the defendant and then asked whether that was because the defendant was a crook. The trial court granted the defendant’s motion for mistrial. The Supreme Court refused to expand the standard of misconduct from intent to provoke a motion for mistrial, to “bad faith conduct” or “harassment” by the judge or prosecutor. In other words, prosecutorial misconduct that might be viewed as harassment or overreaching sufficient to justify granting a defense motion for mistrial does not necessarily mandate a finding that double jeopardy bars retrial. 456 U.S. at 675-676,102 S.Ct. at 2089-2090. *1346 Thus, the Court limited the circumstances under which a defendant can invoke the bar of double jeopardy to those cases where the prosecutor intentionally provokes the defendant's request for a mistrial.
In the present case, the prosecutor warned other witnesses that they were not to mention the fact that this car had been stolen, but failed to warn the detective. The record reflects no reason the state would benefit by retrying the appellee. Nor is there evidence that the prosecutor intended to provoke the appellee into moving for a mistrial. Instead, it appears that the detective’s comment, while in response to the prosecutor’s question, was not intentionally elicited.
The court was correct in granting appel-lee’s motion for mistrial as evidence of possible collateral crimes could prejudice the jury in their determination of the appel-lee’s guilt on the charges before them. However, the court failed to make any finding regarding the intentional nature of the prosecutor’s conduct. Thus, the court erred in ruling that the state was precluded from retrying appellee on double jeopardy grounds.
In the cases cited by the appellee in support of his position that double jeopardy precludes retrial, the mistrial was granted over the defendant’s objection. As noted in Oregon v. Kennedy, the same standard does not apply when, as here, the defense moves for the mistrial. We reverse the order of dismissal and remand for further proceedings.
Reversed and remanded.
CAMPBELL, C.J., and SCHEB, J., concur.