SCHWARTZ, Chief Judge.
Because of an adverse incident at trial caused by the undoubtedly improper actions of the prosecutor,[1] defense counsel successfully moved for a mistrial, upon the express commitment that James would not invoke any double jeopardy claim which might otherwise arise.[2] Notwithstanding, the defense subsequently filed just such a motion.
On this appeal from an order granting it, and dismissing the cause purportedly on double jeopardy grounds, we must reverse because of the waiver of the double jeopardy claim expressly effected below. See State ex. rel. Williams v. Grayson, 90 So.2d 710 (Fla.1956); Novaton v. State, 610 So.2d 726 (Fla. 3d DCA 1992), approved, 634 So.2d 607 (Fla.1994); see also Ricketts v. Adamson, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987); *182 Dermota v. United States, 895 F.2d 1324 (11th Cir.), cert. denied, 498 U.S. 837, 111 S.Ct. 107, 112 L.Ed.2d 78 (1990).[3]
We emphasize that our opinion is not an approval of the conduct of the assistant state attorney, Herbert Andrews.[4] Indeed, we likely would have approved any reasonable sanction imposed upon Andrews individually by the trial court, and (no doubt, vainly) hope that something may be done about the situation by the Florida Bar or by his superiors in the state attorney’s office. (It was also unprofessional, in the extreme, for the assistant public defender to renege on the defense’s agreement and representation to the court that no double jeopardy right would be asserted if the motion for mistrial were granted. It is unworthy for any lawyer — defense, prosecution, or whatever — purposely to break her word to the court. See State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997)(condemning identical conduct by prosecutor).)
The order on appeal is reversed for trial.

. The order under review described the conduct as follows:
6. During the trial of Keith James on May 14, 1997, Mr. Andrews said in the State’s opening:
"Shativia Browning is the last person interviewed [by the police], and when she’s interviewed, she indicates that Keith James had a gun. How does she know he had a gun. Because he showed her the gun before he went into the house, and then he went into the house with the gun.” Trial transcript (page 4, lines 5-9).
7. On at least two occasions during the State’s case, the court asked the State when it would be calling Shativia Browning. This was asked by the Court in an effort to assist the Department of Corrections in transporting Ms. Browning to the courtroom. In an off-the-record discussion with both sides, it was agreed that Mr. Andrews would advise the court at least twenty-five minutes in advance of calling Ms. Browning so that Corrections could arrange for her transportation from custody to the courtroom.
8. During a side-bar conference and during the testimony of the fourth and ultimately, the final witness, the following exchange took place discussing the admissibility of Shativia Browning’s statement. (Trial transcript page 29, lines 17-19).
THE COURT: I mean, you are going to put her on, aren’t you?
MR. ANDREWS: Yes.
9. The state rested its case without calling Shativia Browning as a witness.
10.Defendant moved for a mistrial through his attorney. In response to the Court’s questioning as to why the State did not call Shati-via Browning, Mr. Andrews responded, "I absolutely knew when I started this case that I wasn’t calling him [her]. I’m sorry that they [i.e. the defense] didn’t know." (Trial transcript page 17, lines 13-15).

. MR. SMITH: Judge, Herb Smith, assistant public defender. The reason I’m here at sidebar is I want to make something abundantly clear to the state of Florida.
We had pursued a motion for mistrial, and we have asked you to grant a mistrial in this case because of the unfairness to this defendant.
Okay.
We have no intention of pursuing our motion to dismiss for double jeopardy if this Court were to grant that motion, and I want to make that really clear.
We have no intention of pursuing that remedy-
We believe there was an unfair trial, and we are ready to try this case again. Okay, that’s very clear.
But we have no intention, if this Court were to grant a mistrial right now, right here, without going any further than that, of going any further by filing any kind of motion on double jeopardy.
THE COURT: Okay. Maybe they can agree to that.
MR. SMITH: We don’t believe that it’s double jeopardy, [emphasis supplied]

. Although we need not directly address the issue, we are also inclined to the view that there was no showing that, while his actions were reprehensible, the prosecutor had in effect goaded the defense into moving for the mistrial, as is required to support a double jeopardy claim in these circumstances. Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); Rutherford v. State, 545 So.2d 853 (Fla.), cert. denied, 493 U.S. 945, 110 S.Ct. 353, 107 L.Ed.2d 341 (1989); Johnson v. State, 545 So.2d 411 (Fla. 3d DCA), review denied, 551 So.2d 461 (Fla. 1989); State v. Hutchens, 517 So.2d 27 (Fla. 3d DCA 1987); Gibson v. State, 475 So.2d 1346 (Fla. 1st DCA 1985); State v. Dixon, 478 So.2d 473 (Fla. 2d DCA 1985).

. We heartily endorse the trial court’s discussion of the matter:
What is of utmost concern to this court is the lack of candor and professionalism this prosecutor displayed to the court. There is a difference between trial strategy and forthrightness and candor. In no way is this court implying that the Slate should reveal its strategy to the defense, but this court is emphatic in stating that an attorney cannot misrepresent matters or mislead the court. In this case, Mr. Andrews clearly crossed the line. Mr. Andrews is an "A” prosecutor, assigned to the highest felony level in a courtroom division. That means, Mr. Andrews has been promoted through the ranks of the State Attorney’s Office starting at the county court or juvenile level, moving through the ranks of B and C division prosecutor until he was elevated to the A slot. The A prosecutor's position is achieved only once an individual has garnered sufficient trial experience and supervisory abilities. In the seven months Mr. Andrews has been assigned to this division, he has had at least six trials before this court and several in the back-up division. Therefore, these comments are not the mistake or inadvertence of an inexperienced prosecutor.
Mr. Andrews misrepresented his intentions to the court, the defendant and the jury by stating what the jury would be learning from Shativia Browning. He led the court, the jury and the defense into believing that Shativia Browning would be testifying. In addition, the State several times requested to delay and reschedule Ms. Browning’s probation violation hearing until after Mr. James’s trial so that her assistance at trial could be taken into consideration at that violation hearing. Mr. Andrews led the court into believing that Shativia Browning would be testifying when the court attempted to make the necessary accommodations for Corrections to transport her. And, then, when Mr. Andrews was confronted with the defendant’s Motion for Mistrial he affirmatively admitted he never intended to call Shati-via Browning.