ORFINGER, M., Senior Judge.
Appellant appeals from a judgment of conviction on drug charges, arguing that trial of these charges was barred on double jeopardy grounds. We disagree and affirm.
Appellant was arrested for sale of crack cocaine to an undercover officer (the first buy). He was also charged with another sale of crack cocaine which took place within 20 or 30 minutes of the first buy, and which was the subject of a separate information (the second buy). Prior to trial on the first buy, the court granted a defense motion in limine precluding any testimony about the second buy or arrest.
During the undercover officer’s testimony, the prosecutor announced to the court during *824 a bench conference that the officer had inadvertently referred to the second buy, not the first, in identifying the appellant as the seller, stating: “ I told the officer which one we were going on, and I think its just a mistake with the two buys within like half an hour of each other.” Defense counsel objected and moved for a mistrial on the ground that the jury had been tainted. Finding that the officer’s testimony was inadvertent and the result of a mistake, the court granted the mistrial. Over double jeopardy objections, appellant was retried and convicted. This appeal follows.
Where a trial court declares a mistrial sua sponte or at the request of the prosecution, the mistrial must be the result of “manifest necessity” for the defendant to be subject to retrial. Thomason v. State, 620 So.2d 1234, 1237 (Fla.1993). However, where a defendant requests a mistrial, the general rule is that the manifest necessity standard is inapplicable and double jeopardy is not a bar to reprosecution, even where the motion is necessitated by prosecutorial error, United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), provided that the prosecutor’s actions giving rise to the motion are not done intentionally so as to provoke the defendant into requesting a mistrial. Oregon v. Kennedy, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982); Thomason, 620 So.2d at 1237; State v. Butler, 528 So.2d 1344, 1345 (Fla. 2d DCA 1988); Duncan v. State, 525 So.2d 938, 940-41 (Fla. 3d DCA 1988). Here, the record supports the trial judge’s finding that while the misstatement was error, the testimony was not intentionally elicited, thus not preventing a retrial here on double jeopardy grounds.
We find no merit in appellant’s further argument that a judgment of acquittal should have been granted because of faulty identification of appellant. The state correctly argues that this point was not preserved for appeal because the motion below was based only on the allegation that the state had failed to prove a prima facie case of delivery of cocaine. See Archer v. State, 613 So.2d 446 (Fla.1993) (for J.O.A. argument to be reserved, specific legal ground supporting the motion must be made to the trial court). Nonetheless, the credibility of the officer’s identification of defendant presented a jury question, which the jury resolved against appellant.
AFFIRMED.
COBB and PETERSON, JJ., concur.