PER CURIAM.
The State appeals from an order finding that double jeopardy bars Defendant Vidal Santiago from being retried for the murder of a fellow prison inmate, following a defense-requested mistrial. We reverse.
“The general rule is that when a mistrial is declared upon the defendant’s motion ... jeopardy does not attach and the defendant may be retried.” Rutherford v. State, 545 So.2d 853, 855 (Fla.1989) (citing McLendon v. State, 74 So.2d 656 (Fla.1954); State ex rel. Larkins v. Lewis, 54 So.2d 199 (Fla.1951)). “An exception occurs when the prosecution goads the defense into moving for a mistrial and gains an advantage from the retrial.” Id. (citing Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982)).
The defense argues several alleged instances of prosecutorial misconduct in support of its position. In the first, a witness volunteered information barred by a pretrial ruling in response to a prosecutor’s question that was clearly not calculated to elicit the improper response.[1] In the second, the prosecutor asked a key eyewitness for a lay opinion. Under the circumstances, we believe the lay opinion was admissible. See §§ 90.701; 90.703, Fla. Stat. (2005).
The witness in question was another inmate, Eric Durant. Durant testified that he saw Santiago pull a “shank” from his sock shortly before the victim (Durant’s friend) was stabbed. Then, Durant saw Santiago holding the victim’s shoulder while facing the victim. At the same time, he heard “a pow ... a loud sound like when you make contact with somebody.” The victim then immediately “flinched down to the side” and Santiago “took off and ran.” Concluding from all of these sights and sounds that he had witnessed Santiago stab his friend, Durant immediately began chasing Santiago through the *482 prison yard with a shovel.[2] Because Durant did not see a knife in Santiago’s hand during the alleged stabbing, or see the knife enter and exit the victim’s body; the defense argued that Durant’s conclusion that he had witnessed Santiago stab his friend constituted improper speculation. We disagree. Section 90.701, Florida Statutes, allows an eyewitness to explain “what he or she perceived ... in the form of inference or opinion” when the witness cannot readily and with equal adequacy communicate his or her perceptions without testifying in terms of inferences and opinions. Durant’s conclusion is precisely the type of evidence admissible under this provision. The trial court allowed the opinion testimony, but later granted a mistrial after concluding (during jury deliberations) that it had erred in overruling the defense’s objection:-
Our review of the record convinces us that the prosecutor’s motive for eliciting the- testimony was simply to introduce evidence that he believed to be both relevant and admissible. “As there was no goading the defense into moving for a mistrial, the Oregon v. Kennedy exception does not apply.” Rutherford, 545 So.2d at 856. Therefore, the trial court erred in holding that double jeopardy barred Santiago’s retrial. Id.
REVERSED.
ORFINGER, LAWSON, JJ., and FALVEY, C., Associate Judge, concur.

. It should be apparent that a witness's inappropriate testimony, not responsive to the question posed, does not evidence an intent by the prosecutor to provoke a mistrial. E.g., Cooper v. State, 716 So.2d 823 (Fla. 5th DCA 1998). However, we find the prosecutor’s responses to the trial court's inquiry troubling. First, the prosecutor stated that even though he did not intend to elicit the barred testimony, the pre-trial ruling on the motion in limine was not binding because the ruling was made by another judge. This argument was clearly misguided. If the prosecutor wanted the successor judge to revisit the issue, he could have argued an appropriate motion before the witness took the stand. Having failed to do so, the previous judge’s order was fully binding. Second, the prosecutor did not bother to explain the pre-trial ruling to the witness before calling him. Instead, the prosecutor explained that he trusted law enforcement witnesses to confine their answers to the questions asked so that he could avoid the improper testimony by simply avoiding any question that would directly call for an answer including the barred evidence. Obviously, this approach did not work. The prosecutor is cautioned that professionalism demands that he review matters barred from evidence by court order with any affected witness before calling that witness to the stand.

. Durant and Santiago were apprehended by prison guards before Durant reached Santiago. However, charges were filed against Durant for the assault.