SILBERMAN, Chief Judge.
The State appeals an order dismissing the charge against Anthony G. Tyson of possession of a firearm by a convicted felon. The trial court granted a mistrial and dismissed the charge based on comments the prosecutor made in his opening statement. The State argues that the trial court erred in dismissing the charge because nothing in the opening statement was designed to goad Tyson into seeking a mistrial. We agree and reverse the dismissal of the charge and remand for a new trial.
The State charged Tyson with improper exhibition of a dangerous weapon, resisting/obstructing an officer without violence, possession of a firearm by a convicted felon, and battery on a law enforcement officer. Count III for possession of a firearm by a convicted felon was severed from the other charges, and a jury trial on that charge commenced on August 4, 2010.
The trial court initially instructed the jury that what the attorneys say in opening statements is not evidence but that the opening statements give the attorneys an opportunity to tell the jury what evidence they believe will be presented and how the evidence relates to the issues in the case. At the beginning of opening statements, one of the prosecutors asserted that the State would prove that Tyson was a convicted felon. In describing the facts surrounding the charge, the prosecutor asserted that a Mr. Taylor saw what appeared to be a handgun in Tyson’s possession and that Taylor had his wife call the police. The prosecutor also stated that Tyson was heard saying, “I’m going to kill you.” The prosecutor added that when the police tried to detain Tyson, he “resisted them, struggled with them.” Near the conclusion of his brief opening statement the prosecutor said, “Now, because of the crime that we’re alleging here, you’re going to have the opportunity to hear some of the defendant’s criminal activities, his past felonies.”
Shortly after this comment, when the prosecutor had concluded his opening statement, defense counsel asked to approach the bench. The following colloquy occurred:
MR. HALL: Your Honor, I would— just for the record, I would object to the mentioning of the felonies, that we’re going to be able to prove the felony records.
THE COURT: What about the mention of statements by the defendant that he said he was going to kill him?
MR. HALL: Also.
THE COURT: There’s no — there’s been no prima facie case to put any statements by the defendant in front of *540 the jury, and this is what counsel has said. Plus he resisted arrest, that’s a crime he’s not charged with.
MR. HALL: Yes, Your Honor. Well, I’ll object to that also.
THE COURT: And you’ve got a motion?
MR. HALL: Motion to move for a mistrial, Your Honor.
MS. ZEMOLA: Your Honor, defendant’s statements come in as a defendant’s exhibit, statement as a party opponent in this case.
THE COURT: Once you’ve established your prima facie case.
MS. ZEMOLA: Yes, Your Honor.
And as far as being — the charge about resisting, it would come out during testimony that there was a struggle, and when they tried to arrest him—
THE COURT: Well, there may be a struggle, yes, but not the way that opening statement was done.
The sidebar was concluded, and the trial court announced to the jury that a mistrial was granted and that the defendant was discharged.
When discussing the trial on the remaining three counts, the prosecutor asked if the charge for possession of a firearm by a convicted felon could be tried the next day. The trial court responded that it had granted a mistrial and that jeopardy had attached. The trial court subsequently entered an order granting the motion for mistrial and dismissing count III of the information for possession of a firearm by a convicted felon. The State timely appealed the dismissal of the charge. See Fla. R.App. P. 9.140(c)(1)(A).
Generally, when the trial court declares a mistrial upon the defendant’s motion or with his consent, or upon a manifest necessity, the Double Jeopardy Clause of the Fifth Amendment does not bar a retrial. Turner v. State, 37 So.3d 212, 221 (Fla.), cert. denied, — U.S. -, 131 S.Ct. 426, 178 L.Ed.2d 332 (2010); Fuente v. State, 549 So.2d 652, 657 (Fla.1989); Rutherford v. State, 545 So.2d 853, 855 (Fla.1989). The Supreme Court recognized a narrow exception to this rule in Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Fuente, 549 So.2d at 658. That “exception occurs when the prosecution goads the defense into moving for a mistrial and gains an advantage from the retrial.” Rutherford, 545 So.2d at 855.
In Rutherford, the Florida Supreme Court determined that a deliberate discovery violation did not fall into this narrow exception. Id. The Rutherford court explained as follows:
The objective of seeking to cause the other party to move for a mistrial is to “save” a losing case. Our review of the record in the first case convinces us the prosecutor’s motive was to introduce evidence that tended to convict Rutherford, not to create error that would force a new trial.
Id.; see also State v. Dixon, 478 So.2d 473, 475 (Fla. 2d DCA 1985) (reversing dismissal of information and stating that “[t]his is not an instance where the prosecutor was seeking to induce a defendant to move for a mistrial in order to forestall an acquittal”).
In contrast, in Duncan v. State, 525 So.2d 938, 941 (Fla. 3d DCA 1988), the Third District determined that a retrial was prohibited on double jeopardy grounds where the prosecutor goaded the defendant into moving for a mistrial. There, the trial court had ruled that a gun later found near the place the defendant was apprehended could not be shown to the jury or mentioned by witnesses. Id. at 940. Prior to closing arguments the pros *541 ecutor requested a short delay so that his associate could retrieve something for the prosecutor. Id. During a critical portion of the defense closing argument, the prosecutor pulled a blue plastic toy gun from his pocket and “twirled it around for the jury to see.” Id. The trial court granted the defense motion for mistrial. At a second trial, the gun was admitted into evidence and a witness was permitted to testify about finding the gun. Id.
“To provoke a mistrial intentionally would allow a prosecutor ‘to shop for a more favorable trier of fact, or to correct deficiencies in [his] case, or to obtain an unwarranted preview of the defendant’s evidence.’ ” Id. at 941 (alteration in the original) (quoting Oregon v. Kennedy, 456 U.S. 667, 686 n. 19, 102 S.Ct. 2088, 72 L.Ed.2d 416 (1982) (Stevens, J., concurring)). The Third District reversed the resulting conviction from the retrial and determined from the circumstances of the case that the prosecutor’s conduct appeared to be calculated to cause a mistrial. Id. And the Third District noted that “the prosecutor gained a distinct advantage from the mistrial. As a result of an evi-dentiary ruling by a different judge, he was able to introduce what he believed to be a key piece of evidence the gun at the second trial.” Id. at 942.
Nothing about the present case indicates that the prosecutor was goading the defense to seek a mistrial, and the trial court made no finding that the prosecutor intended to effect a mistrial. The comments that resulted in the mistrial were made during the prosecutor’s opening statement. Thus, no evidence had been presented, no evidence had been precluded since the jury had been sworn, and the defense had not even presented its theory of the case in its opening statement. The record simply does not reflect an attempt to goad a mistrial to avoid a losing case or gain an advantage on retrial. Thus, we conclude that the general rule applies that a defense motion for mistrial does not bar a subsequent prosecution. See Turner, 37 So.3d at 221. Therefore, we reverse the order dismissing count III of the information and remand for a new trial.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.