PER CURIAM.
Gary Craig Richards petitions for a writ of prohibition following the denial of his motion to dismiss. He argues that double jeopardy bars him from being retried for two counts of aggravated assault with a firearm, possession of a controlled substance (LSD), battery, and possession of drug paraphernalia, following a defense-requested mistrial. We deny the petition.
The first witness called at trial was Andrea Reprogle, the victim, who testified that she was involved in a romantic relationship with Richards at the time of the alleged incident. She testified that she and Richards started arguing as he was driving her home and he threatened to kill her. Ms. Reprogle testified that Richards had a gun in his possession when he made the threat. On cross-examination, defense counsel used Ms. Reprogle’s deposition testimony to impeach her description of the altercation. Ms. Reprogle admitted that she testified in her deposition that Richards did not have a gun in his hand when he threatened to kill her. She explained that she was still in love with Richards and was trying to protect him when she gave that testimony. In an attempt to demonstrate Ms. Reprogle’s motive for giving false testimony during the deposition, the prosecutor asked on redirect whether she was addicted to cocaine while she was involved with Richards. When she responded in the affirmative, the prosecutor asked if she had ever used cocaine with Richards.
Defense counsel objected and moved for a mistrial, arguing that the question was irrelevant and highly prejudicial. The prosecutor argued that he was attempting to show the jury that it should not believe Ms. Reprogle’s deposition testimony because it occurred while she was under Richards’ influence as he was her drug supplier, her lover, her abuser, and her protector. After finding that the question was overly prejudicial, the trial court granted defense counsel’s request for a mistrial. Defense counsel proceeded to move to dismiss the charges against Richards, arguing that the prosecutor goaded the defense into moving for mistrial. The trial court denied the motion and found that the prosecutor did not act in bad faith *1160 nor did he engage in misconduct when he asked the victim about her cocaine usage with Richards. This timely petition follows.
Generally, when a motion for mistrial is declared on the defendant’s motion, jeopardy does not attach and the defendant may be retried. Rutherford v. State, 545 So.2d 853, 855 (Fla.1989). “An exception occurs when the prosecution goads the defense into moving for mistrial and gains an advantage from the retrial.” Id. (citing Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982)). Here, the prosecutor’s question sought to elicit testimony that would have explained the differences between the witness’s deposition testimony and her trial testimony. While the testimony was prejudicial, it was relevant and the prosecutor believed it was admissible. Thus, the record fails to demonstrate any prosecutorial intent to goad Richards into moving for a mistrial. State v. Santiago, 928 So.2d 480, 482 (Fla. 5th DCA 2006) (holding that the prosecutor did not intend to goad the defendant into moving for a mistrial where the prosecutor’s motive was to introduce what he believed to be relevant and admissible testimony).
Further, “[t]he objective of seeking to cause the other party to move for mistrial is to ‘save’ a losing case.” Rutherford, 545 So.2d at 855. The prosecutor had no need to “save” a losing case in this instance as the mistrial was granted during the testimony of the very first witness at trial. See State v. Tyson, 86 So.3d 538, 541 (Fla. 2d DCA 2012) (holding that there was no indication that the prosecutor was goading the defense into seeking a mistrial where the comments that resulted in a mistrial were made during opening statements and no evidence had been presented). In contrast, in Duncan v. State, 525 So.2d 938 (Fla. 3d DCA 1988), the Third District determined that the record showed that the prosecutor’s conduct was calculated to cause a mistrial. In Duncan, the trial court excluded the admission of a gun found in the area where Duncan was arrested. Id. at 940. Prior to closing arguments, the prosecutor asked for a short recess so his associate could retrieve something for him. Id. The prosecutor pulled a blue, plastic toy gun from his pocket and “twirled it around for the jury to see” during a critical portion of the defense’s closing. Id. The trial court granted the defense’s motion for mistrial; Duncan was convicted at a subsequent trial. Id. at 941. The Third District held that the prosecutor sent for the toy gun after studied thought and reflection and that the prosecutor gained an advantage from the mistrial because a different judge allowed the admission of the gun on retrial. Id. at 942. Based on these facts, the district court concluded that the prosecutor goaded the defendant into moving for a mistrial. Id.
There is no indication in the record before us that the State would have benefited in any way from a mistrial being declared at such an early stage in the proceedings. The trial court specifically found that the prosecutor was not acting in bad faith nor engaging in misconduct when he asked the witness if she had used cocaine with Richards. Because the record supports the trial court’s conclusion that there was no intentional misconduct on the part of the prosecutor, the mistrial does not bar a subsequent prosecution of Richards. Accordingly, we deny the petition for a writ of prohibition.
DENIED.
THOMAS, ROWE, and MAKAR, JJ., concur.