ANDREWS, Judge.
Defendant, Karl Richard Wolfe, appeals a judgment of guilty of manslaughter entered on a jury verdict. He was charged by information with second degree murder but convicted of the lesser included offense.
The question presented is the correctness of the trial court’s refusal to declare a mistrial when a witness for the state in reply to a question by the prosecution stated that the deceased victim Frank Sullivan was her husband.
Evidence of the victim’s family status is normally inadmissible in a homicide prosecution. Rowe v. State, 1935, 120 Fla. 649, 163 So. 22; Hathaway v. State, Fla. App.1958, 100 So.2d 662. Standing alone, such evidence is irrelevant, immaterial and highly prejudicial, and where admitted may well warrant a reversal of a conviction. Gibson v. State, Fla.App.1966, 191 So.2d 58. This does not imply, however, that proof of a family relationship can never be admissible. When relevant to an issue, the testimony is admissible. A common example is when a relative testifies as to the identity of the deceased. Hathaway v. State, supra.
*134 In the case before us, the defendant and deceased became engaged in an altercation during a drinking party. The testimony shows that after brutally beating the deceased, the defendant left the scene to get victim’s wife ostensibly for the purpose of rendering first aid to her husband.
On the witness stand the wife was asked, “Is Franklin Sullivan your husband?” and she replied affirmatively. Mrs. Sullivan then testified that the defendant told her he had “beat up Frank,” and gave her his reasons for doing so. This testimony clearly bore on the issue of defendant’s guilt. The witness’ relationship to the victim was a relevant fact that explained and gave credence to her testimony. It was important for the jury to know who the witness was in order to understand and evaluate her testimony regarding the defendant’s admissions. Otherwise, the reason for the defendant’s statements to her would not have been clear and the probative value of her testimony would have been lessened.
We find no merit in this and the other points raised by defendant.
Affirmed.
WALDEN, C. J., concurs.
CROSS, J., dissenting with opinion.