WHITE, JOSEPH S., Associate Judge.
Appellant was tried and convicted on an information charging murder in the second degree. H was represented by a public defender throughout the trial.
Two questions are argued on this appeal. The first is:
“The trial court erred in failing to declare a mistrial or to strike the testimony of the witness Marie Hill, of its own motion, when it appeared that Mrs. Hill constantly referred to the victim as her husband, throughout her testimony.”
A similar question was before this court in Wolfe v. State, Fla.App.1967, 202 So.2d 133.
In the case at bar deceased’s widow was called to testify on the state’s behalf. Important events in the case had taken place in her presence. Her testimony was offered in support of the prosecution. It was against the defendant. No objection was made when the particular testimony now challenged was offered. There may have been a good reason for withholding objection. It is possible that defendant’s counsel at the time preferred to have the witness establish the relationship for impeachment purposes. It would be arguable that the witness’ testimony should be discounted because of her close relationship to the deceased. Thus it might well have been considered at the time that the testimony in question was useful to the defendant.
It is well-settled that questions of this character may not be raised for the first time on appeal. See Fitzgerald v. State, Fla.App.1967, 203 So.2d 511.
The second question is:
“The Court committed error in failing to strike the testimony of the witness, Jack Bushor, over objection of the defense when Jack Bushor testified that he had seen the defendant strike the victim’s wife, Mrs. Marie Hill.”
The incident in question as described by the witness was part of the res gestae and the testimony was not objectionable.
Affirmed.
REED and OWEN, JJ., concur.