PER CURIAM.
This appeal is by the defendant below from a judgment of conviction for first degree murder and a life sentence, based on a jury verdict of guilty with a recommendation of mercy.
Appellant presents two contentions. One is that the evidence was insufficient to support the conviction. Testimony which the jury was entitled to accept disclosed the following facts. The victim of the homicide was a woman named Margaret Megill. She and the defendant had cohabited for several years, and had a child, a boy named Bobby, who two years old at the time of the homicide. Margaret Megill had separated from the defendant several days prior to her death, and with their small child Bobby, had moved to the home of a woman friend, a Miss Kathleen Creech. On the day on which *540 the homicide occurred, the defendant appeared at the Creech home seeking Margaret Megill. She was out at that time, but the child was present. While there the defendant exhibited to Kathleen Creech a hand gun, and was heard to threaten that if the Megill woman and the child did not return to him he was going to kill both. That threat was heard by Miss Creech and two other witnesses who so testified. Defendant left the premises, taking the child with him. A short time thereafter, he returned to the Creech home in the company of Margaret Megill and the child Bobby. An argument ensued over where the child should stay. In the course of the altercation the defendant produced the gun, and Miss Creech pushed the Megill woman and the child into a bedroom and closed the door. Thereupon the defendant fired through the door, sending two shots into the bedroom from a 44 magnum caliber revolver. The victim was struck by a bullet and killed. The child was not harmed. Two other shots were fired by the defendant at himself in an attempt at suicide, inflicting wounds from which he recovered. In our view the verdict was amply supported by the evidence.
Appellant’s other contention on appeal is that his constitutional right to a fair trial was violated in that the court erred “in admitting evidence showing tne family status of the victim, and by references to the child.” The trial court ruled that the marital status of the defendant and the victim, or rather their lack of marital status was not admissible, and in sustaining objection to the prosecutor’s comment thereon at the outset of the case, instructed the jury to disregard the same. The existence of their child, Bobby, and the references in the testimony to the child in connection with the occurrences at and shortly prior to the time of the homicide, which were allowed to be made over objection of counsel for the defendant, were relevant, in view of the wording of the threats which were testified to, as bearing on the issue and element of premeditation. We find no reversible error therein. See Wolfe v. State, Fla.App.1967, 202 So.2d 133.
For the reasons stated, the judgment is affirmed.