PIERCE, Judge.
Appellant Jimmie Lee McGriff appeals to this Court from a judgment of conviction *455 of second degree murder after he was found guilty of that offense by a jury upon trial for first degree murder.
Only one point is urged here for reversal, which point is clearly untenable. The first witness for the State was James Peterson, father of the deceased victim. He testified he identified the body of his son at Mound Park Hospital in the presence of a Doctor Tyrone. It is contended that this was fatal error because there were other witnesses than the father who were not relatives and who could have identified the deceased.
But the testimony as to identification by the victim’s father was, in this particular case, necessary and proper, and not merely cumulative, inasmuch as there was no other eye-witness to the homicide who later viewed the body.
In the second place, and more importantly, no objections were made by defense counsel to the questions which elicited the identification testimony of the father, nor was there any motion to strike the testimony after given, nor any mistrial moved for at that time. Belatedly, after all the testimony had been concluded, both sides had rested, and the State had made its closing argument to the jury, defense counsel then made a motion for mistrial, but even then the grounds of such motion are not in the record before this Court. The circumstance of such motion being made appears only as a general recital in the minutes of the trial Court.
Such identification testimony by the father of the victim might, under certain circumstances not present here, have merited substantial consideration upon appeal if properly raised, but here there was no attempt to preserve the point. And patently, it could not be considered such a substantial departure from the concept of a fair trial as to constitute fundamental error. So we must hold that the dilatory attempt to raise the question after all the testimony was in and arguments to the jury begun was “too late and too little”.
The judgment appealed must therefore be
Affirmed.
LILES, Acting C. J., concurs.
McNULTY, J., concurs in conclusion only.