CARROLL, DONALD K., Judge.
The appellant was tried for and convicted of murder in the first degree by the Circuit Court for Duval County and has appealed from his judgment of conviction, based upon a jury verdict, and sentence to life imprisonment.
The most serious contention made by the appellant in this appeal is that the trial court erred in overruling his objection to the testimony of one Arthur Bargeron that the deceased victim, James Everett Bargeron, was his brother.
In making this contention the appellant relies primarily upon the decisions of this court in Ashmore v. State, 214 So.2d 67 (Fla.App.1968) and Gibson v. State, 191 So.2d 58 (Fla.App.1966).
*216 In the Ashmore case, supra, after citing Melbourne v. State, 51 Fla. 69, 40 So. 189 (1906), Rowe v. State, 120 Fla. 649, 163 So. 22 (1935), and Hathaway v. State, 100 So.2d 662 (Fla.App. 1958), we held:
“The cases cited above clearly reflect that where an identity witness is available other than a member of the deceased’s family, use of the latter serves only to prejudice the jury against the defendant by injecting issues into the trial which do not fall within the scope of the charges on which the defendant is being tried. This is a fundamental proposition of trial practice according to the decisional law of this State; and a substantial departure from this rule, so long as the present law continues, will serve only to require a retrial at further public expense. * * * ”
In the earlier case of Gibson, supra, we recognized the same rule as we did in Ashmore, and said:
“It is apparent from this record that the State could have proven the identity of the body of the deceased by witnesses other than members of his family. However, assuming it was necessary to call his wife to prove this element of the prosecution’s case, it is apparent that the testimony of the sister was immaterial, irrelevant and could have served no useful purpose other than to emphasize the fact that decedent left surviving him an immediate member of his family. The case law is clear upon the subject.”
We fully recognize the rules announced in the Ashmore and Gibson cases, supra, but we do not think that those rules require a reversal in the present appeal because of the following facts: the evidence of the appellant’s guilt of the crime charged is so clear and convincing that the testimony in question could not have harmed him; there is no showing in the record that the said testimony had any prejudicial effect; and there is no showing in the record that other witnesses were available to the prosecution to identify the victim’s body.
In the case at bar the appellant contends in his brief that his attorney had placed both the prosecution and the trial court on notice that there would be no question from the defense that the victim, James Everett Bargeron, was dead nor that the appellant shot him, since the appellant made it clear that he relied on self-defense.
As we stated above, from our examination of the trial transcript we cannot find any indication of prejudice resulting from allowing the witness, Arthur Bargeron, to testify that the body in the morgue was that of his brother, James. Arthur was a resident of Jacksonville, the city in which the trial was held, and it was most natural for the prosecution to call on him to identify his brother’s body. This he did in a simple and straightforward manner, without any attempt being made to “pull the heartstrings” or otherwise to evoke emotional responses concerning the loss of his brother.
It is axiomatic that the primary goal of our court system is to ascertain the truth. The attainment of this goal is difficult at best, but it is well-nigh impossible if the parties involved and their attorneys interfere in the fact-finding process by efforts to inject improper influences in the proceedings before the finders of the facts. The courts should ever be alert to discourage and, if possible, to thwart all efforts of this kind. This caveat applies with equal force to every party and lawyer in every court proceeding, civil or criminal. He who ignores this caveat runs the risk of the trial or appellant court’s finding that prejudicial error resulted from the injection of the improper influence.
In the case at bar, however, we find that the appellant has failed to carry successfully his burden of demonstrating that the trial court committed prejudicial, reversible error when it overruled the defendant's objection to Arthur Bargeron’s testi *217 mony that the deceased victim was his brother James.
We have considered the other contentions made by the appellant in this appeal, but we find them to lack substantial merit.
Therefore, the judgment appealed from herein must be and it is
Affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.