266 So.2d 373 (1972)
Frederick Mark BARRETT, Appellant,
v.
STATE of Florida, Appellee.
No. 71-830.
District Court of Appeal of Florida, Fourth District.
August 31, 1972.
*374 Michael Sigman of the Law Offices of Michael Sigman and Jay M. Cohen, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was convicted of first degree murder and sentenced to life imprisonment. The sole judicial error assigned is the trial court's denial of appellant's motion for a mistrial made at the close of all of the evidence. For the reasons hereafter set forth, we conclude that the court did not err and that the judgment should be affirmed.
The state called the victim's father as a prosecution witness. During the course of his testimony, he identified a photograph of the deceased victim. Appellant contends that in doing so the prosecution violated the well-established rule in Florida to the effect that a member of the deceased victim's family may not testify for the purpose of identifying the victim where non-related witnesses are available to make such identification, citing Melbourne v. State, 1906, 51 Fla. 69, 40 So. 189; Rowe v. State, 1935, 120 Fla. 649, 163 So. 22; Hathaway v. State, Fla.App. 1958, 100 So.2d 662; Gibson v. State, Fla.App. 1966, 191 So.2d 58; Ashmore v. State, Fla.App. 1968, 214 So.2d 67, and Abram v. State, Fla.App. 1970, 242 So.2d 215.
Since the only other evidence of positive identification of the deceased victim was by means of opinion evidence based upon dental charts, a rather forceful argument could be made that the rule enunciated in the above-cited cases simply does not apply here. Furthermore, the testimony of the victim's father touched on other relevant matters so that it might be said that this case was within a recognized exception to the rule. Cf. Scott v. State, Fla.App. 1971, 256 So.2d 19. Nonetheless, we do not ground our decision on either of these bases, and in order to more forcefully focus on the issue which we consider decisive of this case, we can assume that the prosecution violated this rule by calling the victim's father as a witness.
The witness in question was called to testify midway in the state's case. Although he identified himself at the outset as the father of the victim, appellant's counsel *375 did not then nor thereafter make any objection to the witness being allowed to testify. Furthermore, no objection was made when the witness was asked if he could identify the photograph of the deceased victim, nor was any motion to strike addressed to the witness's response whereby he identified the photograph. After this witness was excused, the state called four additional witnesses in its case in chief, the defendant called four witnesses, and the state called two rebuttal witnesses, all of which consumed more than another day of trial. Then, after both sides had closed the presentation of evidence, the defendant for the first time made a motion for a mistrial on the ground that he was deprived of a fair and impartial trial by virtue of the state having called the victim's father as a witness.
It was not error to deny the motion for mistrial, coming as it did at the close of all of the evidence, where appellant had failed to raise any timely objection to the witness testifying or to the identification testimony. McGriff v. State, Fla.App. 1970, 232 So.2d 454. The accused in a criminal proceeding is not entitled to the privilege of refraining from making timely objection to matters felt to be prejudicial and then waiting until the relative strength of the prosecution and defense presentations can be evaluated before raising a cry of prejudice.
Appellant contends, however, that this created "fundamental error" thereby entitling him to a new trial at our hands even absent a timely objection in the trial court. This view has been rejected, either expressly or impliedly, in Rowe v. State, supra; Powell v. State, Fla.App. 1968, 208 So.2d 146; and McGriff v. State, supra. Furthermore, we know that there are times when it is entirely proper (even over timely objection) for a relative of the homicide victim to identify the deceased victim, e.g. Scott v. State, supra; Megill v. State, Fla. App. 1970, 231 So.2d 539; Furr v. State, Fla.App. 1969, 229 So.2d 269; Wolfe v. State, Fla.App. 1967, 202 So.2d 133, so that it certainly is not "fundamental error" per se.
The judgment is affirmed.
REED, C.J., and WALDEN, J., concur.