OWEN, Judge.
Boyce Lee Russell was convicted of first degree murder with recommendation of mercy, and sentenced to life imprisonment. No direct appeal was taken, but by means of writ of habeas corpus we have afforded to him delayed appellate review of his conviction.
Before this court Russell contends that (1) the identification of the deceased victim was not proved with the requisite sufficiency and (2) he was deprived of a fair and impartial trial because the prosecution used a member of the victim’s family as a witness. Neither point has merit.
As to identification of the deceased victim, we find that the record affirmatively establishes such identity beyond a reasonable doubt.
As to the use of the victim’s son as a state witness, his testimony was directed to relevant matters other than mere identification of the victim. More importantly, however, the defendant did not make any objection to the witness testifying, nor make objection to any question propounded to the witness, nor move to strike any of the witnesses’ testimony, nor in any other manner make known to the trial court any claim of prejudice arising out of the state’s use of the victim’s son as a witness. The absence of a timely objection at trial will preclude a consideration of the issue on appeal. Rowe v. State, 1935, 120 Fla. 649, 163 So. 22; McGriff v. State, Fla.App.1970, 232 So.2d 454; Powell v. State, Fla.App.1968, 208 So.2d 146. The argument submitted here that this is “fundamental error” and thus necessarily entitles Russell to a new trial despite the absence of any timely objection in the trial court, is unsound and has been answered by our opinion in the case of Barrett v. State, Fla.App., 266 So.2d 373, opinion filed this day.
Having given petitioner the benefit of a full appellate review of his conviction and sentence (on the basis of the record, briefs and oral argument before this court), we conclude that there is no need to disturb the judgment and sentence reviewed, that petitioner is not unlawfully in custody, and that the writ should be and is hereby discharged.
CROSS and MAGER, JJ., concur.