McCORD, Chief Judge.
Appellant was tried by jury and found guilty of robbery. He appeals the judgment and sentence contending that the court erred in denying his motion for mistrial based on alleged insufficiency of the in-court identification of appellant by the victim, Daniel Russo, and alleged improper conduct of Officer Grayson which allegedly tainted the in-court identification. Appellant further contends the court erred in denying his motion for new trial because he presented newly discovered evidence which, taken in conjunction with the evidence adduced at trial, he argues established that Russo was incompetent to testify.
As to the first point, the record shows that Officer Grayson pointed out an accomplice to Russo in the courtroom. Appellant contends that through the process of elimination such aided Russo’s identification of appellant and thereby tainted Russo’s in-court identification of appellant. While Russo’s in-court identification was shaky, as was brought out by cross-examination before the jury, we find no reversible error. Russo had previously identified appellant, appellant’s companions, appellant’s and their clothing, and the automobile approximately 10 minutes after the crime had been committed. Also, appellant had confessed. The jury was made fully aware of the limitations upon the in-court identification. Appellant made no objection to the identification testimony at the time but waited until the state rested its case before moving to strike the testimony and for a mistrial. Such action comes too late. See Barrett v. State, 266 So.2d 373 (Fla. 4 DCA 1972), where the court stated:
“It was not error to deny the motion for mistrial, coming as it did at the close of all of the evidence, where appellant had failed to raise any timely objection to the witness testifying or to the identification testimony. McGriff v. State, Fla.App. 1970, 232 So.2d 454. The accused in a criminal proceeding is not entitled to the privilege of refraining from making timely objection to matters felt to be prejudicial and then waiting until the relative strength of the prosecution and defense presentations can be evaluated before raising a cry of prejudice.”
As to appellant’s second point, it is predicated upon alleged newly discovered evidence that Russo had pled guilty in municipal court to making a false report of a crime. That fact, however, is not undisputed because the prosecutor as an officer of the court represented that the offense was really a false report to an ambulance service of an injury; but, be that as it may, there is *199 no question that Russo was the victim of this crime. His condition fully demonstrated it. Newly discovered evidence going only to credibility of a witness is insufficient. See Dames v. State, 314 So.2d 171 (Fla. 3 DCA 1975).
Affirmed.
SMITH, J., concurs.
RAWLS, J., dissents.