379 So.2d 1013 (1980)
Dennis GERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1854.
District Court of Appeal of Florida, Fourth District.
February 13, 1980.
Rehearing Denied March 12, 1980.
Richard L. Jorandby, Public Defender, Gary S. Israel, Asst. Public Defender, and Jorge Labarga, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Kenneth G. Spillias and Ondina Felipe, Asst. Attys. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Defendant appeals a conviction of armed robbery. The only point with possible merit is that evidence of a collateral crime was improperly admitted in evidence. However, we do not reach this issue because we find that appellant failed to adequately preserve the question for appeal.
Appellant filed a pre-trial motion in limine in an attempt to suppress certain collateral crimes evidence. The trial court denied the motion immediately prior to trial. Appellant did not object to the admission of *1014 this testimony at the time of its introduction at trial, although he did move for a mistrial at the close of all the evidence.
In Stanley v. State, 357 So.2d 1031 (Fla. 3rd DCA 1978) cert. den. 364 So.2d 891 (Fla. 1978), the Third District held that the appellant waived review of the denial of his motion to suppress statements made while in police custody, by failing to timely object to the admission of this evidence at trial. Similarly, the Court held in Jones v. State, 360 So.2d 1293 (Fla. 3rd DCA 1978), that the appellant's failure to contemporaneously object to a medical examiner's testimony waived appellate review of the issue, even though a pretrial motion to suppress had been made. See also Kiddy v. State, 378 So.2d 1332 (Fla. 4th DCA 1980). In this regard, the Jones Court stated:
Failure to renew an objection at trial contemporaneously with admission of the contested evidence constitutes a waiver of the right to appellate review of an alleged error, even though issues of constitutional dimension are claimed to exist.
360 So.2d at 1296.
The necessity of a contemporaneous objection was reaffirmed by the Florida Supreme Court in Clark v. State, 363 So.2d 331 (Fla. 1978), in which the Court held that in order to preserve appellate review of a prosecutor's comment on the defendant's right to remain silent, the defendant must object and move for a mistrial.
In the instant cause, appellant failed to object to the collateral crimes testimony when it was admitted into evidence. Although he did move for a mistrial, the motion was untimely coming as it did at the close of all the evidence. As noted by this Court in Barrett v. State, 266 So.2d 373, 375 (Fla. 4th DCA 1972):
The accused in a criminal proceeding is not entitled to the privilege of refraining from making timely objection to matters felt to be prejudicial, and then waiting until the relative strength of the prosecution and defense presentations can be evaluated before raising a cry of prejudice.
See also Owens v. State, 349 So.2d 197 (Fla. 1st DCA 1977) cert. dism. 353 So.2d 677 (Fla. 1978).
Accordingly, the conviction is affirmed.
BERANEK and HURLEY, JJ., concur.