528 So.2d 100 (1988)
Morris Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2944.
District Court of Appeal of Florida, Second District.
July 8, 1988.
William G. Sestak of McClain, Dwyer & Sestak, P.A., Zephyrhills, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals the sentence imposed upon him at resentencing after his prior sentence had been vacated on appeal to this court in Smith v. Wainwright, 508 So.2d 768 (Fla. 2d DCA 1987).
On the prior appeal this court vacated the original sentence which had been enhanced under the habitual offender statute and held that such enhancement was not proper without specific findings justifying the application of that statute. Thereafter at the resentencing the trial court made the requisite habitual offender findings. No issue is now presented as to whether those findings were sufficient to justify habitual offender classification.
The issue raised on this appeal concerns the accuracy of the scoresheet. Defendant argues that his scoresheet total was too high due to incorrect scoring of particular prior convictions and contends that the trial court erred in not requiring the state to establish the accuracy of the scoresheet in that regard. He asserts that he made that same argument and contention at the original sentencing and at the resentencing and concedes that he did not do so on the prior appeal.
We agree with defendant's contention and again remand for resentencing at which the state shall be required to corroborate the accuracy of the scoresheet with respect to the portions which defendant disputes. See Delaine v. State, 486 So.2d 39 (Fla. 2d DCA 1986). On the prior appeal this court vacated the sentence, and upon resentencing it was incumbent upon the trial court to sentence defendant in accordance with an accurate scoresheet. Cf. Smith v. State, 518 So.2d 1336 (Fla. 5th DCA 1987) (after appellate remand for resentencing within guidelines range, resentencing to a more severe sentence than that within the guidelines range under the scoresheet which had been before the appellate court was justified when that scoresheet did not reflect additional convictions *101 which had occurred during the pendency of the appeal). Indeed, our prior opinion in this case specifically contemplated a properly calculated scoresheet at resentencing. 508 So.2d at 770.
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and FRANK, J., concur.