**Charles Floyd McLEOD, Petitioner,**

v.

**Richard L. DUGGER, Respondent.**

No. 87–315–CIV–T–10(C).

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 16, 1990.

Charles Floyd McLeod, pro se.

Richard P. Condon, Temple Terrace, Fla., for petitioner.

Candance M. Sunderland, Asst. Atty. Gen., Tampa, Fla., for respondent.

## ORDER

HODGES, District Judge.

THIS CAUSE comes on for consideration upon the magistrate's report and recommendation recommending that the above styled petition be denied. All parties previously have been furnished copies of the report and recommendation and have been afforded an opportunity to file objections pursuant to Section 636(b)(1), Title 28, United States Code.

Upon consideration, of the report and recommendation of the magistrate, all objections thereto timely filed by the parties and upon this court's independent examination of the file, it is determined that the magistrate's report and recommendation should be adopted.

Accordingly, it is now

ORDERED:

(1) The magistrate's report and recommendation is adopted and incorporated by reference in this order of the court.

(2) The petition for writ of habeas corpus is hereby DENIED.

DONE and ORDERED.

## REPORT AND RECOMMENDATION

THIS CAUSE comes on for consideration of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a state prisoner, *in forma pauperis.* Counsel has been appointed to represent petitioner. Petitioner challenges his conviction for first degree murder on April 23, 1985 in the Circuit Court in and for Hardee County, Florida for which he received a life sentence with a 25 year minimum mandatory term. Counsel has been appointed to represent petitioner in this action.

The sole issue presented in the petition is whether petitioner's Sixth Amendment right to effective assistance of counsel was violated when appellate counsel failed to raise on direct appeal the issue of whether the trial court properly denied a motion for change of venue filed prior to trial.[1]

Petitioner has been afforded an opportunity to establish his right to an evidentiary hearing on the ineffective assistance of appellate counsel claim pursuant to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For the reasons stated hereafter, I recommend that the petition be dismissed and that no evidentiary hearing be held.

### I

On August 23, 1984, petitioner was arrested for first-degree murder in the shooting death of Rosie Nell Jones on August 22, 1984 at the Wachula Plaza Shopping Center in Hardee County, Florida (R 3–4)[2]. The arrest affidavit stated that petitioner shot the victim in the back with a shotgun in the parking lot after she exited the Winn Dixie grocery store, that there were witnesses present and that petitioner provided a voluntary statement admitting the killing (R 3). On September 10, 1984, petitioner was indicted for first-degree murder of Ms. Jones (R 1–2).

On December 21, 1984, petitioner's trial counsel filed a motion for change of venue. The motion stated in part:

> The pre-trial publicity in this case has been and is so extensive that the community in Hardee County has been exposed to circumstances of the offenses herein charged so pervasively that prejudice, bias and pre-conceived opinions are the natural result.

(SR 8).[3]

At a hearing on March 6, 1985, defense counsel argued several motions including

---

**1.** Petitioner has abandoned the separate claim that appellate counsel was also deficient for failing to argue that the trial court should have inquired into the effectiveness of trial counsel (Dkt. 17).

**2.** "R" refers to the four-volume record on appeal. "SR" refers to the one-volume supplemental record. The page numbers follow.

**3.** The change of venue motion referred to affidavits of residents of Hardee County, various newspaper articles and other evidence of media coverage attached as exhibits to the motion. However no exhibits are attached to the motion which is part of the record of state court proceedings and counsel for the parties have not stipulated that any such exhibits were attached to the original motion.

motions for change of venue and for individual *voir dire.* Counsel stated:

Motion for change of venue, Your Honor. I submit to the Court that this case has been the subject of—since the publicity by the media in this area of Hardee County, submit to the Court that Hardee County is a small county by population.

And, submit to the Court that there has been by word of mouth and talk and public discussion and extensive discussion of Mr. McLeod's case such that the community is in a position where Mr. McLeod cannot receive a fair trial in Hardee County with jurors drawn from Hardee County.

The—Mr. McLeod lived in Bowling Green, previously lived in Wauchula. The victim lived in Wauchula. The victim was a store clerk at the main—if not the grocery store of Wauchula, which is the Winn Dixie Store, and was well-known in the community.

The fact that she was well-known and this case has been well discussed in the community creates a situation where the defense does not feel that Mr. McLeod could get a fair trial before an impartial jury in this county, a trial by jurors who did not know the participants, have not heard about the case, and have not formed some type of opinion.

The venue-type motions are to be given greater consideration when taken in smaller communities where the population from which the jurors can be drawn is smaller and also for the added reason that when something happens in a smaller county by population, such as Hardee County, word is much more widespread.

I submit to the Court that moving venue in this case would not cause great hardship in that the defense would be willing for it to be moved to a different county within the circuit without having to move is across circuit lines, either to Highlands County or Polk County, that the defense feels that the publicity and the public discussion concerning this case did not extend sufficiently outside of Hardee County to create any difficulty in actually any other county over the state.

And, moving it to a different county within the circuit would not cause I submit to the Court great problems logistically and certainly not majestic problems that are great in consideration of the seriousness of this case and the importance of Mr. McLeod receiving a fair trial before impartial jurors in this particular case.

So, I'd ask the Court to move venue out of the county of Hardee. I suggest moving it to another county in the circuit, Highlands or Polk, without objection from the defense. And, in fairness to Mr. McLeod, I'd ask the Court to consider granting the motion for change of venue.

(R 605–606).

The court denied the motions stating:

Motion for individual voir dire and sequestration of jurors during voir dire, I deny, but I qualify that in the fact that as the jury panel is first seated, I would allow each of the Counsel to bring each juror before the bench and determine if that juror knows anything about the case first and proceed in that manner.

Motion for change of venue, I deny. If it is determined at the time of trial that a jury cannot be seated, then I will consider that motion again.

(R 610).

On March 18, 1985 *voir dire* was conducted of thirty-one persons. Five persons were excused for cause, the defense exercised eight peremptory challenges and the prosecution exercised five peremptory challenges. The trial judge conducted *voir dire* at sidebar of prospective jurors who had specific feelings or knowledge about the case. Only two prospective jurors had not read or heard anything about the case. With the exception of two prospective jurors excused for cause, all of the other prospective jurors who had read local newspaper accounts of the crime did not recall any details and stated that they could be fair and impartial. Several other prospective jurors stated that they had heard about the crime through sources other than the newspaper but that they could be fair and impartial. All of the prospective ju-

rors except those excused for cause agreed that they could be fair and impartial and would follow the judge's instructions on the law and the evidence. Only one of the six jurors selected had not been exposed to publicity about the case (R 4–231).

Following selection of the jury, petitioner's counsel stated that he accepted the jury and he made no further motions for change of venue or otherwise objected to the trial going forward in Hardee County (R 232).

Following his conviction, petitioner was represented by another assistant public defender on appeal. Counsel raised two issues on appeal: (1) whether the trial court erred in denying petitioner's motion for judgment of acquittal on the ground that the state's evidence failed to establish premeditation and (2) whether the trial court erred in retaining jurisdiction over 25 years of petitioner's life sentence pursuant to Florida law. The denial of the motion for change of venue was not raised on appeal.

The Second District Court of Appeal affirmed petitioner's conviction but vacated the portion of the sentence in which the trial judge retained jurisdiction for 25 years over the life sentence. 495 So.2d 867.

## II

■■■ The standard applied in considering the effectiveness of counsel is whether, based on the totality of the circumstances, and the entire record, the assistance rendered was reasonably effective. *Strickland v. Washington*, 466 U.S. at 688, 104 S.Ct. at 2065. Furthermore, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance of counsel. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

■■■ The standard for effective assistance of counsel is the same regardless of whether the conduct of trial or appellate counsel is challenged. See *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987).[4]

■■■ In habeas corpus actions, the petitioner bears the burden of demonstrating facts sufficient to warrant an evidentiary hearing. *Raulerson v. Wainwright*, 732 F.2d 803, 813 (11th Cir.), *cert. denied*, 469 U.S. 966, 105 S.Ct. 366, 83 L.Ed.2d 302 (1984). A court is not required to "blindly accept speculative and inconcrete claims" as a basis upon which a hearing will be ordered. *Dickson v. Wainwright*, 683 F.2d 348, 351 (11th Cir.1982) (citations omitted).

■■■ Respondent contends that petitioner's failure to renew the motion for change of venue at the close of *voir dire* waived the issue for appellate review. Under Florida law, failure to renew a pre-trial motion at the time of trial results in a waiver of that issue on appeal. *German v. State*, 379 So.2d 1013 (Fla. 4th DCA), *cert. denied*, 388 So.2d 1113 (Fla.1980).

Here, the trial court denied the motion for a change of venue at a pre-trial hearing but indicated that it would consider the motion again at the time of trial if a jury could not be seated (R 610). Neither the court nor counsel revisited the issue of change of venue during or following jury selection and petitioner's counsel never renewed his motion for change of venue.

Respondent's argument has some merit. However, one of the cases relied upon by respondent in its memorandum illustrates that even the Florida Supreme Court will review the merits of a change of venue issue involving pre-trial publicity despite a failure to preserve the issue for appeal. *See Provenzano v. State*, 497 So.2d 1177, 1181 (Fla.1986), *cert. denied*, 481 U.S. 1024, 107 S.Ct. 1912, 95 L.Ed.2d 518 (1987).

In light of this authority, it is inappropriate to hold as a matter of law that petitioner's appellate counsel cannot be deemed

---

**4.** The Eleventh Circuit has not decided whether the proper focus of the *Strickland* prejudice inquiry in determining the effectiveness of appellate counsel is the outcome of the appeal or the projected outcome of a retrial. *Matire v. Wainwright*, 811 F.2d at 1439, n. 7.

deficient for failing to raise an issue which was not properly preserved.

The prejudice suffered by petitioner as a result of appellate counsel's failure to raise this issue on appeal must be evaluated according to the state law at the time of the direct appeal. *See generally, Matire v. Wainwright,* 811 F.2d at 1438 and n. 6, 7.

■ Under Florida law, a trial court's decision on motion for change of venue will generally be upheld absent a showing of a "palpable abuse of discretion". *Mills v. State,* 462 So.2d 1075, 1078 (Fla.), *cert. denied,* 473 U.S. 911, 105 S.Ct. 3538, 87 L.Ed.2d 661 (1985).

Florida courts have generally upheld denials of motions for change of venue even though most if not all of the jurors had heard or read about the crimes alleged to have been committed. In *Straight v. State,* 397 So.2d 903 (Fla.) *cert. denied,* 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981), the court stated that the key consideration is not whether prospective jurors have prior knowledge of the case but "whether such knowledge rendered the jurors prejudiced" *Id.* at 906. *See also, Oats v. State,* 446 So.2d 90, 93 (Fla.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 188, 88 L.Ed.2d 157 (1985); *Thomas v. State,* 374 So.2d 508, 515 (Fla.1979), *cert. denied,* 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980). Additionally, the fact that neither the trial court nor petitioner's counsel revisited the change of venue motion during jury selection "creates a strong presumption that a fair and impartial jury was ultimately impaneled." *Provenzano v. State,* 497 So.2d at 1183.

Federal courts have applied both an "actual prejudice" and "presumed prejudice" standard in determining whether a defendant's constitutional right to be tried by an impartial jury has been violated.

The "presumed prejudice" standard is applicable where pre-trial publicity (1) is sufficiently prejudicial and inflammatory and (2) saturates the community where the trial is held. *Coleman v. Zant,* 708 F.2d 541, 544 (11th Cir.1983) (citations omitted).

The "presumed prejudice" standard is difficult to meet and the petitioner bears a "extremely heavy" burden of establishing that pre-trial publicity alone deprived him of his right to an impartial jury. See *Coleman v. Kemp,* 778 F.2d 1487, 1538–1540 (11th Cir.1985), *cert. denied,* 476 U.S. 1164, 106 S.Ct. 2289, 90 L.Ed.2d 730 (1986); *see also Cummings v. Dugger,* 862 F.2d 1504, 1511 (11th Cir.1989); *Marsden v. Moore,* 847 F.2d 1536, 1542 (11th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988).

In his memorandum of law filed in this action, petitioner has presented statistical information regarding Hardee County bearing on the issue of media saturation. However, there is no indication that this information was presented by petitioner's counsel to the trial court. Moreover, the news articles concerning the victim's murder and funeral and petitioner's arrest which are attached to the petition [5] (assuming they were presented to the trial court) are primarily factual in nature and not of an inflammatory or prejudicial nature.

■ The allegations in support of petitioner's claim of ineffective assistance of appellate counsel do not meet the prejudice prong of the *Strickland* standard, either under the "actual prejudice" or "presumed prejudice" test for determining a violation of the constitutional right to be tried by an impartial jury. Petitioner has failed to show a reasonable probability that but for counsel's omission of the venue issue the result of the direct appeal would have been different. An evidentiary hearing is not necessary to determine whether appellate counsel's omission of this issue constituted deficient performance. See e.g. *Strickland v. Washington,* 466 U.S. at 697, 104 S.Ct. at 2069; *Harich v. Dugger,* 844 F.2d 1464, 1471 (11th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1355, 103 L.Ed.2d 822 (1989).

It is therefore respectfully RECOMMENDED that:

(1) The petition for writ of habeas corpus be DENIED.

---

5. See Dkt. 1, Ex. A.

Respectfully submitted,
/s/ Elizabeth A. Jenkins
Elizabeth A. Jenkins
United States Magistrate

Dated: October 30, 1989.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).