ERVIN, Judge.
The denial of appellant’s 3.850 motion[1] is affirmed. Although appellant styled his motion as one seeking relief under Florida Rule of Criminal Procedure 3.800(a), he is not challenging the legality of the sentences imposed, but rather is contending that the sentences were imposed in violation of the laws of the state. Such an argument is cognizable under Rule 3.850 rather than Rule 3.800(a). However, as appellant’s motion was filed more than two years after January 1, 1987,[2] his motion is untimely and therefore denied.
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.

. See Fla.R.Crim.P. 3.850.

. The opinion written on appellant’s direct appeal was filed on February 16, 1982. See Johnson v. State, 409 So.2d 1158 (Fla. 1st DCA 1982). Under Rule 3.850, a person whose judgment and sentence became final prior to January 1, 1985, had until January 1, 1987, to file a motion in accordance with the rule. Appellant did not file his motion until June 9, 1989.