557 So.2d 223 (1990)
Jose CASIMIRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-247.
District Court of Appeal of Florida, Third District.
February 27, 1990.
*224 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
We conclude that the trial court did not reversibly err by failing to inquire concerning the reasons that the state peremptorily challenged four black jurors from the jury panel.
Subsequent to the exercise of those challenges, the defense was given the opportunity to strike the entire panel and begin again, based on the court's discovery that the venire had signed a paper that contained an oath, but the veniremen had not been specifically sworn.
The defendant chose instead to announce that he wanted this jury panel and waived all objections and motions concerning its composition. See United States v. Fuentes-Coba, 738 F.2d 1191, 1198 (11th Cir.1984), cert. denied, 469 U.S. 1213, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985) (defendant cannot expressly pass up an opportunity to cure a defect in jury composition and then urge the trial court be reversed because of defect); see also Hair v. State, 428 So.2d 760, 763 (Fla. 3d DCA 1983); Williams v. State, 101 So.2d 877, 878 (Fla. 1st DCA 1958). The issue upon which the defendant bases his appeal was therefore waived, as is demonstrated by the following colloquy:
STATE: If the defense is waiving any objection to the composition of this jury and the way they were placed under oath and voir dire examination, then there is no necessity for a mistrial.
THE COURT: I agree with you.
I am listening to it.
I want justice to be done and everyone to feel they have had a fair trial.
Mr. Casimiro, now, I assume, through his lawyers, is saying, he wishes to go forward and we will go forward.
... .
THE COURT: Mr. Casimiro has agreed with waiving and withdrawing any motions as to striking the jury panel, right, Mr. Houlihan and Mr. Nally?
DEFENDANT'S COUNSEL: (Indicating the affirmative.)
DEFENDANT'S COUNSEL: Yes.
Moreover, the challenge of the four black jurors, by itself, was insufficient to require an inquiry where the record clearly established why the challenged persons were unacceptable state jurors. See Woods v. State, 490 So.2d 24 (Fla.), cert. denied, 479 U.S. 954, 107 S.Ct. 446, 93 L.Ed.2d 394 (1986); Thomas v. State, 502 So.2d 994 (Fla. 4th DCA), review denied, 509 So.2d 1119 (Fla. 1987). The state did give reasons where in each case it moved to challenge the juror for cause and that motion was denied. An examination of the record reveals that the reasons given for the cause challenges certainly established that the peremptory challenges were not motivated solely by race.
Accordingly, this case is affirmed.