560 So.2d 1363 (1990)
Melvin C. GANDY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2336.
District Court of Appeal of Florida, First District.
May 9, 1990.
Melvin C. Gandy, pro se.
No appearance for appellee.
*1364 ERVIN, Judge.
Appellant seeks review of a trial court order denying his pro se motion to correct certain illegal sentences arising from a single criminal episode, which we treat as one brought pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the sentences with amendment.
The only point raised by appellant that warrants discussion is the application of Carawan v. State, 515 So.2d 161 (Fla. 1987), to appellant's multiple convictions. Not only have Carawan and its progeny been superseded by statute  see § 775.021(4), Fla. Stat. (Supp. 1988), and Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988)  but our Florida Supreme Court has recently held that Carawan may not be retroactively applied to post-conviction claims. State v. Glenn, 558 So.2d 4 (Fla. 1990); State v. Pastor, 556 So.2d 1112 (Fla. 1990). Moreover, as this court recently stated in Ferenc v. State, 15 F.L.W. D938 (Fla. 1st DCA Apr. 15, 1990), double jeopardy arguments raised under Carawan are really challenges to convictions, not sentences, and thus are not cognizable under Rule 3.800, but rather must be pursued via Florida Rule of Criminal Procedure 3.850.[1] Appellant is time-barred, however, from seeking relief under Rule 3.850.[2] Under the circumstances, appellant's motion was properly denied.
Upon further review of appellant's sentences, we note that each provides that appellant be "imprisoned at hard labor." Sentences at "hard labor" are not authorized by law in Florida. Calhoun v. State, 403 So.2d 1082, 1084 (Fla. 1st DCA 1981). Therefore, those portions of the sentences relating to the "hard labor" language are stricken and the sentences, as amended, are affirmed. Alexander v. State, 404 So.2d 173 (Fla. 1st DCA 1981).
AFFIRMED.
NIMMONS, J., and FORD L. THOMPSON, (Ret.), Associate Judge, concur.
NOTES
[1] For a similar distinction between 3.800(a) and 3.850 motions, see Johnson v. State, 557 So.2d 223 (Fla. 1st DCA 1990).
[2] Rule 3.850 expressly provides that "[a]ny person whose judgment and sentence became final prior to January 1, 1985, shall have until January 1, 1987, to file a motion[.]" Although appellant's convictions were rendered in 1979, he did not file his motion until June 15, 1989.