GODERICH, Judge.
The defendant, Larry Slaughter, appeals from a final judgment of conviction and sentence for burglary and grand theft. Affirmed, in part, and reversed and remanded, in part.
The first issue presented in this case is whether the trial court erred in denying defense counsel’s motion for a mistrial where defense counsel did not question the jurors about the defense of mis-identification, but rather accepted the jury previously selected to be used in another case. We conclude that the trial court did not reversibly err in denying the defendant’s motion for mistrial where the defendant waived all objections concerning the composition of the jury. See United States v. Fuentes-Coba, 738 F.2d 1191, 1198 (11th
Cir.1984), cert. denied, 469 U.S. 1213, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985) (defendant cannot expressly pass up opportunities to cure defect in jury composition and then seek to reverse trial court because of defect); Casimiro v. State, 557 So.2d 223 (Fla. 3d DCA), rev. denied, 567 So.2d 434 (Fla.1990) (defendant waived objections and motions concerning jury composition when defendant expressly stated that he wanted the jury); Springer v. State, 513 So.2d 736 (Fla. 3d DCA 1987) (defendant waived objection since he failed to object to jury selection procedure at a time when trial court could have afforded him opportunity to conduct further voir dire on the question of potential prejudice).
The trial court was willing to allow defense counsel to pick a new jury as evidenced by the following comments: “If you want to pick a new jury, that’s fine. It is up to the defense. Sometimes the tactics are different, as to the questions that are asked the jurors.” Furthermore, the trial court gave defense counsel three alternatives.
THE COURT: If I may inquire. I will do anything you want to do.
If he wishes to withdraw his plea today, on this charge, I will give you a continuance until tomorrow morning at 9:00.

An alternative two, the plea stands in this case, an agreement to use this panel on the very same charge of grand theft, again, excusing the jury until tomorrow morning and releasing him today to his mother and have him report back tomorrow morning and proceed with this jury on the other grand theft charge.

Alternative three is to leave this plea in and have him report and we’ll pick another jury on the grand theft charge today and have him report tomorrow morning.

Those are the three alternatives he has or you can make him an offer on all three cases that he can’t refuse, which I understand he cannot or will not accept unless the three-year minimum mandato *1089 ry is waived and you do not waive that because of your supervisor.
Thus, defense counsel was given the opportunity to pick another jury. Defense counsel made no motions to reopen voir dire or to select a new jury. Instead, defense counsel chose “to maintain the same jury.”
Additionally, the defendant himself waived all objections and motions concerning the jury’s composition, as is demonstrated by the following colloquy:
THE COURT: Okay. If you could stand, Mr. Slaughter, I want to make sure your attorney has made this agreement but I want to make sure you understand this agreement.

A jury has been selected in case number 90-17181 [grand theft]. In this matter, your attorney has stipulated and agreed that the jury that was selected in that matter, can and will be used in one of the two remaining cases, where you’re charged with grand theft of a motor vehicle and burglary, occupied, and use that jury in lieu of the first case.

Do you understand that, sir?

THE DEFENDANT: Yes, sir.
THE COURT: You have no objection to that procedure?
THE DEFENDANT: No, sir.
See Casimiro v. State, 557 So.2d 223 (Fla. 3d DCA), rev. denied, 567 So.2d 434 (Fla.1990).
Furthermore, defense counsel deposed both the arresting officer and the store clerk prior to opening statements. Therefore, he was on notice before any testimony was presented that misidentification was his theory of defense. Yet, defense counsel did not even mention the fact that the jury had not been questioned about the misidentification defense until two thirds of the way through the trial. This objection came too late. See Barrett v. State, 266 So.2d 373 (Fla. 4th DCA 1972). A timely challenge should have been made by the defendant prior to the presentation of testimony. Id.
The accused in a criminal proceeding is not entitled to the privilege of refraining from making timely objection to matters felt to be prejudicial and then waiting until the relative strength of the prosecution and defense presentations can be evaluated before raising a cry of prejudice.
Barrett, 266 So.2d at 375.
Thus, the trial court properly denied the motion for mistrial where defense counsel failed to raise a timely objection. Id.
As to the second issue raised in this case, the state properly concedes that the trial court erred in sentencing the defendant based on a disputed sentencing guidelines score sheet without requiring any corroborating evidence by the state. See Wills v. State, 561 So.2d 1355 (Fla. 2d DCA 1990); Morgan v. State, 550 So.2d 151 (Fla. 3d DCA 1989); Smith v. State, 528 So.2d 100 (Fla. 2d DCA 1988). Accordingly, we reverse and remand for resentencing at which the state shall be required to corroborate the accuracy of the score sheet with respect to the portions which the defendant disputes. Smith, 528 So.2d at 100.
Affirmed, in part, and reversed and remanded, in part.