PER CURIAM.
Because the trial court (1) expressly declined to find that the prosecuting attorney in a prior trial deliberately defied a pretrial court order to refrain from adducing evidence of the defendant’s bad character when the attorney responded to a trial court question during a non-jury, juvenile delinquency trial by stating, in part, that the respondent “had been warned previously to leave the property because he was out there committing some delinquent offenses”; (2) expressly concluded that the subject response “may have been inadvertent,” on the part of the prosecuting attorney, which is fully supported by the prosecuting attorney’s subsequent query on the record as to why the trial court was granting the respondent’s motion for mistrial based on this response; and (3) made no finding that the prosecuting attorney intentionally gave the subject response to the trial court in bad faith in order to provoke the respondent into moving for a mistrial, which the trial court granted at the prior trial [a result which we think was not required in any event], we hold that the trial court committed reversible error in subsequently granting the respondent’s motion to dismiss the petition for delinquency based on double jeopardy grounds.
Generally speaking, where, as here, a person accused of a crime consents at trial to a mistrial of the case, the state is not barred by double jeopardy from retrying the accused for the same offense or offenses. One narrow exception to this rule has been recognized, which exception is inapplicable to this case. Where, unlike this ease, a mistrial consented to by the defendant is based on bad-faith, prosecutorial or trial court misconduct intentionally designed to provoke a mistrial, the state is barred by double jeopardy from ever retrying the accused for the same offense or offenses. On the other hand, where, as here, the prosecuting attorney engages in alleged misconduct which, at worst, is merely negligent or even grossly negligent in nature and is not intentionally designed to provoke a mistrial, double jeopardy does not bar a retrial of the accused for the same offense or offenses when the accused successfully moves for such a mistrial. State v. Iglesias, 374 So.2d 1060 (Fla. 3d DCA 1979).
The respondent’s reliance on Duncan v. State, 525 So.2d 938 (Fla. 3d DCA 1988), is misplaced because in the instant case the trial court expressly declined to find any bad-faith conduct on the part of the prosecuting attorney and, to the contrary, concluded that the prosecutorial misconduct may have been inadvertent. No such findings or conclusions were present in Duncan.
The order dismissing the delinquency petition in this case is reversed and the cause is remanded to the trial court with directions to deny the respondent’s motion to dismiss.
Reversed and remanded.