STEVENSON, Judge.
As part of a negotiation with the state, Appellant, Prentiss Hubbs, agreed to plead no contest to one count of possession of cocaine in exchange for the nolle prosequi of two other pending charges and a sentence *1283 within the guidelines. The trial court accepted the plea and sentenced Hubbs to 48 months incarceration followed by one year probation. The 48 month prison term was the maximum inearcerative period calculated in the guidelines seoresheet which the trial court utilized at sentencing. Hubbs argues that the trial court erred in imposing sentence based upon the guideline seoresheet which was used because it included two convictions that Hubbs disputed and which were not verified by the prosecution.[1] We agree with appellant, vacate the sentence and remand this cause to the trial court so that a hearing may be held in which the state is to be given the opportunity to present corroborating evidence of the disputed convictions.
It is well settled that where a defendant disputes the accuracy of prior convictions used for sentencing purposes, the burden is on the state to provide proof corroborating the alleged prior record. Slaughter v. State, 585 So.2d 1087 (Fla. 3d DCA 1991); Moss v. State, 581 So.2d 182 (Fla. 2d DCA 1991); Mulligan v. State, 566 So.2d 76 (Fla. 4th DCA 1990). The two convictions which Hubbs disputes involve a Wisconsin attempted sexual assault conviction and a conviction for possession of a firearm by a convicted felon. At the sentencing hearing, Hubbs, an Okeechobee resident, denied having ever been to Wisconsin and denied ever possessing a firearm.
We note that the firearm conviction was expressly included in the sentencing guidelines seoresheet and weighted accordingly. The conviction for attempted sexual assault was not identified as such on the seoresheet, but was mentioned by the trial judge at sentencing. Hubbs argues that the offense is included in the section of the seoresheet which scores “8 unspecified misdemeanors.” While we doubt whether the Wisconsin sexual assault charge could be scored as a misdemeanor under the guidelines,[2] we cannot be sure from the record and are troubled by the trial court’s discussion of that offense while reviewing the guidelines seoresheet at the sentencing hearing. In any event, we are obliged to vacate the sentence and remand so that the trial court may receive independent corroboration of the firearm conviction. While the case is under consideration on remand, the trial court can clarify whether or not the conviction for the Wisconsin sexual assault was included in the “8 unspecified misdemeanors,” and require corroboration by the prosecution if necessary.
REVERSED AND REMANDED.
GUNTHER, C.J., and DELL, J., concur.

. In the instant case, the erroneous inclusion of either offense would affect the maximum sentence allowed by the guidelines, and therefore cannot be deemed harmless.

. Any prior out-of-state conviction should be assigned the score for the analogous or parallel Florida statute when recording points on a Florida sentencing guidelines seoresheet. Fla. R.Crim.P. 3.701(d)(5)(B) & (E).