PER CURIAM.
Of the several issues raised by the defendant on this appeal from his sexual battery convictions, the only one which merits specific attention is the claim that the physician to whom the alleged rape was reported was improperly allowed to testify that the victim identified Banks as the perpetrator. Because the point was not properly preserved below by a specific and timely objection, Douglas v. State, 328 So.2d 18 (Fla.), cert. denied, 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976); Hoyt v. State, 119 So.2d 691 (Fla.1959), aff'd, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961); Russell v. Wainwright, 266 So.2d 375 (Fla. 4th DCA 1972); Scarpati v. State, 224 So.2d 335 (Fla. 3d DCA 1969), cert. denied, 234 So.2d 119 (Fla. 1969), however, the point does not justify reversal. The other issues presented are similarly without merit. See Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); State v. T.S., 627 So.2d 1254 (Fla. 3d DCA 1993); Burgess v. State, 644 So.2d 589 (Fla. 4th DCA 1994); Faison v. State, 426 So.2d 963 (Fla.1983).
Affirmed.