GODERICH, Judge.
The defendant, Mark Roundtree, appeals from his conviction and sentence. We affirm.
The defendant was charged by indictment with first degree murder. At trial, on direct examination, the only eyewitness to the crime identified the defendant as the shooter. After a recess, on cross-examination, the eyewitness recanted the identification testimony testifying that she could not say for a fact that the defendant was the shooter. Later, the eyewitness told both the prosecutor and defense counsel that she changed her testimony because during the recess, she had been threatened by a corrections officer.
The prosecutor informed the trial court that he intended to recall the eyewitness as a rebuttal witness so that she could explain to the jury why she had changed her testimony. The prosecutor also provided the trial court with two cases supporting his position that the introduction of the eyewitness’ rebuttal testimony was admissible. Defense counsel objected to recalling the eyewitness and indicated that he would request a mistrial if the State was allowed to do so. The prosecutor specifically stated, “I don’t intend to have a mistrial. What I am trying to do is show the court that because of these two cases, that it would be proper for me to elicit that testimony and it’s not mistriable.” The trial court indicated that, based on the proffered testimony, if the State recalled the eyewitness, the court would be inclined to grant a mistrial because of the prejudice to the defendant’s case. Nevertheless, the prosecutor stated that he intended to recall the eyewitness, defense counsel moved for mistrial, and the court granted it.
Less than two weeks later, the defendant was retried on the same charge of first degree murder. The jury found him guilty, and the trial court sentenced him to life imprisonment with a twenty-five-year minimum mandatory term. The defendant appeals from that conviction and sentence raising two issues, only one of which merits discussion.
The defendant contends that the second trial on the same charge of first degree murder was barred by double jeopardy because the mistrial was provoked by prosecu-torial misconduct. The defendant correctly states that although a motion for mistrial by the defendant will generally not bar a retrial, this Court has repeatedly held that there is a narrow exception:
Where ... a mistrial consented to by the defendant is based on bad-faith prosecuto-rial or trial court misconduct intentionally designed to provoke a mistrial, the state is barred by double jeopardy from ever retrying the defendant for the same offense or offenses.
State v. T.S., 627 So.2d 1254, 1255 (Fla. 3d DCA 1993); Duncan v. State, 525 So.2d 938, 940-41 (Fla. 3d DCA 1988); State v. Iglesias, 374 So.2d 1060, 1062 (Fla. 3d DCA 1979). The defendant further argues that the mistrial was provoked by prosecutorial misconduct because the prosecutor knew that if he recalled the eyewitness, the court would grant the defendant’s motion for mistrial. We disagree with the defendant’s analysis because the element of bad faith is lacking.
A careful review of the record shows that, in the instant case, although the prosecutor knew that his recalling the eyewitness would cause a mistrial, he acted in good-faith. The prosecutor argued a legitimate legal position to the court, supported that position with ease law, and he even articulated that his intent was not to cause a mistrial, but rather, to introduce evidence that he believed was admissible. We find that the prosecutor did not act in bad faith with the intent to provoke *97 a mistrial, and conclude that the defendant’s retrial on the same charge of first degree murder was not barred by double jeopardy.
Affirmed.