CAMPBELL, Acting Chief Judge.
The State challenges the order granting appellee’s motion to dismiss the aggravated battery charge against him on double jeopardy grounds. We conclude that the court’s decision was clearly erroneous and . accordingly, reverse.
Appellee was charged with shooting Samuel Quiles in the leg, and the jury found him guilty as charged. Prior to sentencing, ap-pellee moved for a mistrial due to the following allegedly cumulative intentional acts of misconduct on the part of the prosecutor: First, the prosecutor elicited testimony from *889 Officer Hlis regarding entry and exit wounds despite the court’s earlier grant of a motion in limine to exclude such testimony. Next, the prosecutor allegedly withheld statements appellee made to an investigating officer regarding the location of the shooting, explaining that he thought that the defense already had that information. Third, the prosecutor placed photos of the victim’s wounds before the jury, asking the jury to speculate regarding how they were made. Finally, the prosecutor placed a bullet casing on the jury rail, asking the jury to make a comparison when no expert could make that determination.
Although the court had denied earlier motions for mistrial as to these errors, when appellee moved for mistrial after the jury’s verdict, the court found that, cumulatively, not only did these errors warrant a mistrial, but they amounted to intentional misconduct on the part of the prosecutor, conduct that was designed to provoke a mistrial. On ap-pellee’s motion, the court then dismissed the charges against appellee on double jeopardy grounds, with the result that the prosecutor would therefore be barred from subsequently retrying appellee. We cannot agree with the court’s reasoning. While the prosecutor’s acts may amount to negligence or even gross negligence, they do not amount to intentional misconduct designed to provoke a mistrial. See State v. T.S., 627 So.2d 1254 (Fla. 3d DCA 1993); State v. Iglesias, 374 So.2d 1060 (Fla. 3d DCA 1979). First, the record does not demonstrate that the prosecutor’s alleged violations were intentional. To the contrary, the prosecutor stated that his actions were not intentional; indeed, he made every attempt to explain his actions so that the court would understand that his acts were not intentional. Additionally, at the time that the violations occurred during the trial, the court did not find any one of them to be sufficient to declare a mistrial, much less that they amounted to intentional prosecutorial misconduct. Finally, despite having been given several opportunities to declare a mistrial earlier in the trial, the court did not do so until the jury had already returned its verdict. Under these circumstances, we conclude that the court’s finding that the acts were intentional is not supported by the evidence and is clearly erroneous.
Accordingly, we reverse the order dismissing the charges against appellee.
BLUE and NORTHCUTT, JJ., Concur.