ON MOTION FOR REHEARING

POLEN, J.
We initially per curiam affirmed appellant’s conviction and sentence because we, as did the trial court, believed he waived any objection to the correctness of the scoresheet used at sentencing. Prior to the revocation hearing, the court had judicially noticed the content of prior case files which indicated he had been convicted of delivery of a controlled substance. While he did not object at this time, later at sentencing he testified that he had previously been convicted of possession, not delivery. On further review, we hold that this testimony was sufficient to have preserved this issue for our review. See Hubbs v. State, 661 So.2d 1282, 1283 (Fla. 4th DCA 1995).
Where a defendant disputes the accuracy of prior convictions used for sentencing purposes, the burden is on the state to provide proof corroborating the alleged prior record. Banks v. State, 610 So.2d 514, 517 (Fla. 1st DCA 1992), rev. denied, 618 So.2d 208 (Fla.1993). Because the instant record does not contain these prior records, we are unable to determine whether the state met its burden. Accordingly, we reverse appellant’s sentence and remand this case for the trial court to make this determination.
Appellant also sought reversal of his conviction by arguing that there was no condition in the order requiring him to submit to random drug testing. However, we affirm his conviction under the principles of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979), because the record does not contain a copy of the subject probation order. Although we are cognizant of Florida Rule of Appellate Procedure 9.200(f)(2), the state in its answer brief specifically pointed out that the order was not contained in the record. “Where, as here, the appellees point out *579 the deficiency in the record in their brief and appellants do not move to supplement the record, this court takes the position that compliance with rule 9.200(f)(2) has been waived.” Cirillo v. Davis, 732 So.2d 387, 389 (Fla. 4th DCA 1999).
AFFIRMED in part; REVERSED and REMANDED for further proceedings.
FARMER and SHAHOOD, JJ., concur.